In Re the Marriage of Elizabeth R.
MEYERPETER, Respondent,

v.

John F. MEYERPETER, Appellant.

No. 46518.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 13, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 17, 1984.

Daniel P. Card, Clayton, for appellant.

John B. Gray, Clayton, for respondent.

PER CURIAM.

Dissolution case. On appeal husband challenges the distribution of the marital property, claiming it is unjust.

The principal marital assets were the family home in Florissant, Missouri; a farm near Bland, Missouri; a clubhouse and lot at the Lake of the Ozarks and three undeveloped lots in the State of Florida.

At trial, the court accepted husband's estimate as to the value of the home and farm and the agreed upon value for the lake property. The evidence as to the value of the Florida lots was meager and, therefore, the court stated that it was unable to place a value on this property.

Husband asked the court to award the home to the wife; the farm, *Florida lots* and lake property to him.

Wife asked the court to award home and lake property to her; farm and *Florida lots* to husband. After hearing the evidence the court awarded the home, lake property and Florida lots to wife. The Farm was awarded to husband. Various items of personal property were awarded to the parties.

The division of marital property need not be precisely equal, but must nevertheless be just. *Walker v. Walker,* 631 S.W.2d 68, 71 (Mo.App.1982). Here, the wife was awarded a substantially larger portion of the marital property. Her distribution request of the marital real estate was honored. The court gave her every item of marital real estate she asked for. The award of a larger share of the marital property to her is supported by the evidence; however, we find that the court abused its discretion in additionally awarding her the non-income producing Florida property in light of her request to the contrary. *See Turner v. Turner,* 650 S.W.2d 662, 664 (Mo.App.1983).

The decree, therefore, is modified to award the Florida lots to the husband. In all other respects the decree is affirmed. An extended opinion would have no precedential value. Rule 84.16(b).

All Judges concur.