Ronald P. LOVE, Petitioner–Appellant,

v.

Sharon LOVE, n/k/a Sharon Hicks,
Respondent–Respondent.

No. 56135.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 17, 1989.

David E. Wilson, Clayton, for petitioner-appellant.

Robert C. Babione, St. Louis, for respondent-respondent.

REINHARD, Judge.

Husband appeals from an order sustaining a motion to dismiss and/or strike portions of his motion to modify the parties' dissolution decree. Appeal dismissed.

Husband and wife married in 1966 and the marriage was dissolved in 1979. Four children were born during the marriage on the following dates: October 22, 1966; October 26, 1969; December 4, 1970; and December 1, 1972. The court awarded wife custody of the children and child support in the amount of $35.00 per child per week.

Husband filed his motion to modify in August of 1987. In the motion he alleged that the firstborn child of the marriage became emancipated in January of 1986. He also alleged that wife had fraudulently represented that he was the father of the other three children, that he had relied on her representations and that he first learned he was not their father after the dissolution decree was entered. He alleged wife had fraudulently concealed all of these facts from him.

He prayed for an order terminating the firstborn's child support because of his emancipation and an order terminating child support for the other three because they are not his children. He further prayed for restitution of all child support payments for the firstborn made after January, 1986, restitution of all child support paid for the other three children plus discharge of his liability for all accrued unpaid child support for all four children.

The guardian ad litem appointed for the three children whose paternity was contested filed the following motion which the court sustained:

> Comes now ... Guardian Ad Litem herein, who requests this Court to Dismiss and/or Strike those portions of Petitioner's Second Amended Motion inasmuch as he is collaterally estopped from

denying his paternity of the minors, herein by virtue of the Decree of dissolution entered in this matter on May 16, 1979, said Decree making a finding that the [three minors who's paternity is disputed] were products of the marriage. Said decree is now final. Further the issue of paternity was thereby established and that Petitioner is estopped from asserting at this time that the aforementioned minors are not his children.

Wife claims the appeal should be dismissed because not all the issues before the court were disposed of and, therefore, the order entered is not an appealable order. We agree.

■ "A final and appealable judgment is one that disposes of all parties and all issues in the case and leaves nothing for future determination, unless the trial court has specifically designated the particular judgment as a final judgment for the purpose of appeal." *Fairfield Square Development Company v. Rogalski*, 767 S.W.2d 626, 628 (Mo.App.1989). When a trial judge designates a judgment as final for purposes of appeal, where the judgment otherwise would not be final for purposes of appeal, he must also make a determination that there is no just reason for delay. *Id.*, Rule 74.01(b).

■ Here it is obvious that not all of the issues raised in husband's motion to modify have been disposed of. The issue of the emancipation of the eldest child remains unresolved by the court's order and there is no indication that husband has abandoned the issue. The trial court neither designated the order as final for purposes of appeal nor made a determination that there was no just reason for delay. The order from which husband attempts to appeal is not final for purposes of appeal.

Appeal dismissed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.