Cynthia LEWIS, Next Friend for Ashley BROWN, Plaintiff/Respondent,

v.

Maria McKENZIE and Hattie Brown, Defendants,

Dr. Willie Brown, Intervenor/Appellant.

No. 55923.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 17, 1989.

Jess W. Ullom, Robert A. Hutton, Jr., St. Louis, for intervenor/appellant.

Steven A. Katzman, Belleville, Ill., for Lewis.

Carl David Kraft, St. Louis, for McKenzie and Hattie Brown.

CRIST, Judge.

Dr. Willie Brown appeals from the denial of his motion to intervene to substitute himself as plaintiff in Count I of Ashley Brown's action against Maria McKenzie for wrongful death. Appeal dismissed.

In May, 1988, Cynthia Lewis, mother and next friend for Ashley Brown, a minor, filed suit against Maria McKenzie for wrongful death. The suit stemmed from an accident that occurred on December 5, 1987, when Maria McKenzie lost control of her automobile on Highway 67 in Arkansas. Charles Brown and Clinton Johnson, both passengers in Maria McKenzie's car, were killed as a result of the accident.

At the time of the accident, Maria McKenzie and Clinton Johnson were residents of Missouri; Charles Brown was a resident of Illinois; Cynthia Lewis and Ashley Brown are both residents of Illinois. Charles Brown was survived by his mother, Hattie Brown, an Illinois resident, and his brother, Dr. Willie Brown, a Missouri resident. Dr. Brown asserts he is the personal representative of the estate of Charles Brown.

In Count I of Ashley Brown's petition, she alleges she is the daughter of Charles Brown and therefore entitled to recover against Maria McKenzie. In Count II of her petition, directed toward Hattie Brown, she seeks a declaratory judgment in which she is declared to be the only heir at law of decedent Charles Brown.

Thereafter, on August 2, 1988, Dr. Willie Brown motioned to intervene in Count I of Ashley Brown's petition and substitute himself as the named plaintiff. In his motion, Dr. Brown alleges Missouri's choice of law rules mandate the substantive law of Arkansas be applied. Arkansas substantive law provides for wrongful death actions to be brought by and in the name of the personal representative of the deceased person and therefore any action for wrongful death can only be prosecuted in the name of Dr. Brown for the benefit of the class of beneficiaries described under the Arkansas statutes. *See* Section 16–62–102(b) Rev.Ark.Stat.1987.

On November 8, 1988, the trial court denied Dr. Brown's motion to intervene. No evidence was presented on the motion.

The record on appeal consists of Ashley Brown's petition, Dr. Brown's motion, Ashley Brown's response to the motion, the order denying intervention and the judge's docket sheet. It was Dr. Brown's responsibility to present us a record on appeal ripe for determination. *Davis v. Long*, 521 S.W.2d 7, 8[3, 4] (Mo.App.1975).

From the record, we can only determine the place of the injury and the residence of the parties. We do not know, nor can we infer, where the trip originated or was to end, the relationship between the passengers and driver, who owned the automobile which was involved in the accident, where the automobile was garaged or where the automobile was licensed. It cannot be determined where the relationship between the parties was centered.

Review in a case cannot be bottomed on documents not offered in evidence. Recitals in motions, extraneous statements by counsel, and statements unsupported by the record contained in an appellate brief do not rise to the dignity of proof and thus are insufficient to supply essential matters for review. *Davis*, 521 S.W.2d at 9[3, 4]; Rule 81.12.

Without a more adequate record, it is impossible to determine which state has the most significant relationship to the parties. As such, the appeal must be dismissed.

Appeal dismissed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.