Marshall Lynn BARTON,
Petitioner–Appellant,

v.

Mary Jane BARTON,
Respondent–Respondent.

No. 16485.

Missouri Court of Appeals,
Southern District.
Division Two.

May 2, 1990.

Lenzie L. Leftridge, Jr., Flat River, for petitioner-appellant.

No appearance, for respondent-respondent.

PER CURIAM.

On August 13, 1984, the Circuit Court of Dent County, in Case No. CV384–27DR, Marshall Lynn Barton, Petitioner, vs. Mary Jane Barton, Respondent, a dissolution proceeding, entered its judgment which dissolved the marriage of the parties, awarded Mary Jane custody of two minor children, and ordered Marshall to pay child support in the sum of $25 per week per child. On October 25, 1985, this court dismissed Marshall's appeal from that judgment.

On April 20, 1989, in Dent County Case No. CV384–27DR, Marshall filed the following documents: "Petition to Quash Garnishment," "Motion to Set Aside Order for Child Support," and "Motion to Modify Decree of Dissolution of Marriage." On May 15, 1989, Mary Jane filed a document entitled "Answer and Counter–Motion for Contempt." On May 26, 1989, the trial court held an evidentiary hearing.

On June 26, 1989, the trial court entered the following order:

"Court, upon review of pleadings, arguments and memorandums in support of arguments made for and against Motion to Quash Garnishment and Motion to set aside Order for Child Support, overrules both motions. Pending discovery stage of Motion to Modify case passed to 9/21/89 at 1:30 p.m. for court review. Clerk to advise attorneys of record of entry this date."

On August 2, 1989, Marshall filed a notice of appeal which designated the order of June 26, 1989, as "the judgment or order appealed from." Rule 81.08(a).[1]

Rule 74.01(b) reads:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

of judgment adjudicating all the claims and the rights and liabilities of all the parties."

The order of June 26, 1989, made no disposition of Marshall's "Motion to Modify Decree of Dissolution of Marriage," nor of Mary Jane's "Counter–Motion for Contempt." Moreover, that order contains no "express determination that there is no just reason for delay."

The appeal is premature and must be dismissed. Rule 74.01(b). *Love v. Love,* 779 S.W.2d 27 (Mo.App.1989). See also *In re Marriage of Lydic,* 762 S.W.2d 99, 100–101[1] (Mo.App.1988); *Eyberg v. Shah,* 773 S.W.2d 887, 894–896[15–26] (Mo.App.1989).

In *Love,* a former husband filed, in 1987, a motion to modify a 1979 dissolution decree. The motion requested termination of child support with regard to one child because of his emancipation, and termination of child support with respect to three other children because they were not his children. The trial court sustained a motion to dismiss which was filed on behalf of the three children whose paternity was contested. The husband appealed. At 779 S.W.2d 28, the court, in dismissing the appeal, said:

"Here it is obvious that not all of the issues raised in husband's motion to modify have been disposed of. The issue of the emancipation of the eldest child remains unresolved by the court's order and there is no indication that husband has abandoned the issue. The trial court neither designated the order as final for purposes of appeal nor made a determination that there was no just reason for delay. The order from which husband attempts to appeal is not final for purposes of appeal."

The appeal is dismissed.

All concur.