STATE of Missouri ex rel. DIVISION OF FAMILY SERVICES and D.L.J., a minor, D.J., Next Friend, Respondents,

v.

Rodney Lee GRILLS, Appellant.

No. 16961.

Missouri Court of Appeals, Southern District, Division One.

Nov. 27, 1990.

Mary L. Dilks, L. Joe Scott, Daniel T. Moore, Poplar Bluff, for appellant.

No appearance, for respondents.

CROW, Judge.

The Division of Family Services ("DFS") and D.L.J. ("the child"), a minor by his next friend, D.J., filed a petition against Rodney Lee Grills. It alleged, among other things: (1) D.J. is the natural mother of the child, (2) Grills is the natural father of the child, (3) D.J. and Grills were never married, (4) Grills has refused to support the child or reimburse D.J. or DFS for the sums they have expended to support the child, (5) D.J. is receiving public assistance on behalf of the child under the Aid to Families with Dependent Children Program, and (6) D.J. assigned to DFS her rights to receive past, current, and future support payments from Grills. The petition prayed for an order: (a) declaring Grills the father of the child, (b) commanding Grills to pay $160 per month for support of the child, (c) requiring Grills to maintain medical insurance coverage for the child or otherwise provide for his medical expenses, and (d) directing Grills to pay the support to the circuit clerk as trustee for DFS.

Grills filed an answer denying all allegations of the petition.

The cause was tried by the court without a jury April 11, 1990. The court's docket entry that date reads, in pertinent part:

"Court hears testimony on issues of paternity and support. On the issue of paternity the Court finds in favor of the plaintiff and against the def. finding the def. Rodney Lee Grills is the natural father of [the child]; as to the issue of support, by agreement of counsel, the Court holds the testimony under advisement pending the filing of Financial Statements and Income and Expense Statements from both parties."

A docket entry two weeks after trial shows the filing of a financial statement and an income and expense statement.

The documents are not included in the legal file, and the record does not show who filed them.

The next activity of record was the filing of a notice of appeal by Grills.

Grills' brief presents one point relied on; it avers the trial court erred in denying a request by Grills for a jury trial.

Neither side addresses the issue of whether there is an appealable order.[1] We are nonetheless obliged to consider the matter *sua sponte*. *Markham v. Medlin*, 698 S.W.2d 54, 55[1] (Mo.App.1985); *Clare v. Labor and Industrial Relations Commission*, 696 S.W.2d 867, 868[1] (Mo.App. 1985). Unless a final and appealable judgment has been entered, we have no jurisdiction of the appeal. *Serfass v. Warner*, 707 S.W.2d 448, 449[1] (Mo.App.1986); *Greening v. Klamen*, 683 S.W.2d 298, 300[2] (Mo. App.1984).

As a general rule, for the purpose of appeal a judgment must be a final judgment and must ordinarily dispose of all parties and all issues in the case. *Stith v. St. Louis Public Service Co.*, 363 Mo. 442, 251 S.W.2d 693, 695[2] (1952); *Deeds v. Foster*, 235 S.W.2d 262, 265[4] (Mo.1951). There is, however, an exception. Rule 74.-01(b), Missouri Rules of Civil Procedure (1990), provides:

"When more than one claim for relief is presented in an action ... or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

In the instant case it is arguable that no judgment at all has been entered. The only document in the record displaying any finding by the trial court is the docket entry wherein the court finds Grills is the natural father of the child. Whether a docket entry constitutes a judgment has been discussed in sundry cases including *Munn v. Garrett*, 666 S.W.2d 37, 39 (Mo. App.1984), and *Byrd v. Brown*, 641 S.W.2d 163, 165–67 (Mo.App.1982).

For the reasons that follow we need not decide whether the docket entry in the instant case constitutes a judgment, because even if it does it is unappealable.

As we have seen, the petition in the instant case prays for various relief including a declaration of paternity, an award of child support, an order regarding medical insurance for the child, and a directive that support payments be made to the court clerk as trustee for DFS. When Grills filed his notice of appeal the trial court had ruled on only the paternity issue. The other issues remained unresolved.

Rule 74.01(b), quoted above, provides that when more than one claim[2] for relief is presented in an action the court may enter a judgment as to one or more but fewer than all of the claims only upon an express determination that there is no just reason for delay. The docket entry of April 11, 1990, addresses only the paternity issue, leaves the other issues undecided, and contains no express determination that there is no just reason for delay.

In *Love v. Love*, 779 S.W.2d 27 (Mo.App. 1989), an ex-husband filed a motion to modify a dissolution decree. The motion requested termination of child support regarding one child because of his emancipation, and termination of child support regarding three other children because they were not his. The trial court sustained a motion to dismiss on behalf of the latter three children. The husband appealed.

---

1. No respondents' brief was filed.

2. *Cantrell v. City of Caruthersville*, 359 Mo. 282, 221 S.W.2d 471, 474[4] (1949), states: "The word 'claim' does not refer to the form of the action but to the underlying facts combined with the law giving a party a right to a remedy of one form or another based on the claim."

The Eastern District of this Court dismissed the appeal stating:

"Here it is obvious that not all of the issues raised in husband's motion to modify have been disposed of. The issue of the emancipation of the eldest child remains unresolved by the court's order and there is no indication that husband has abandoned the issue. The trial court neither designated the order as final for purposes of appeal nor made a determination that there was no just reason for delay. The order from which husband attempts to appeal is not final for purposes of appeal." *Id.* at 28[2].

Similar circumstances exist in the instant case. The docket entry of April 11, 1990, fails to dispose of all the issues and contains no determination that there is no just reason for delay. Consequently, Grills' appeal is premature and must be dismissed. *Cf. Barton v. Barton,* 788 S.W.2d 362 (Mo. App.1990); *Love,* 779 S.W.2d 27.

Appeal dismissed.

MAUS, P.J., and PREWITT, J., concur.