Jacqueline Jean TINTERA,
Petitioner/Appellant,

v.

Robert Francis TINTERA,
Respondent/Respondent.

No. 59449.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 19, 1991.

Howard A. Wittner, Ramona L. Marten, Gary M. Siegel, Wittner, Poger & Rosenblum, P.C., St. Louis, for petitioner, appellant.

Allan F. Stewart, Michael J. Blaney, Braun, Stewart & Anderson, P.C., Clayton, for respondent, respondent.

SMITH, Presiding Judge.

Petitioner-wife appeals from a judgment entered in a dissolution proceeding. The decree entered was based upon a settlement in which the parties agreed to the child custody, child support, maintenance, and division of marital property. Within thirty days of the entry of the decree wife filed a verified motion to vacate, set aside and reopen or modify judgment or in the alternative for a new trial. The trial court denied this motion and this appeal followed. We affirm.

The record before us consists of the court documents filed preceding the dissolution hearing, the transcript of the dissolution hearing, the decree of the court, the 14 page stipulation of settlement, the verified motion of wife, and the court's order reciting that the verified motion was "heard and denied". The record contains no indication of a request for an evidentiary hearing on the motion. The transcript contains the brief testimony of the parties acknowledging the execution of the stipulation of settlement and the general contents thereof. The legal file demonstrates that the dissolution action brought by the wife had been pending for 27 months at the time the dissolution decree was entered. Wife was represented throughout that time by the same law firm. Husband was represented by at least two different law firms during the course of the litigation.

Wife's verified motion set forth at length a litany of complaints about the handling of the case by *her* attorney, the result of which, she alleged, was that she was unable to make a reasoned and informed con-

sent to the stipulation of settlement. The motion does not allege that the settlement arrived at was unconscionable but only that she "required" more in the way of maintenance, marital property, and attorney's fees than was provided for in the settlement. The motion sets out no operative facts to support any charge of unconscionableness. The final allegations of the motion are that the dissolution "judgment was obtained by collusion, fraud, mistake, undue influence, duress, and with want of Petitioner's consent".

■ The motion was not self-proving. Wife offered no evidence to support the allegations contained therein, nor was husband afforded an opportunity to cross-examine or counter the allegations. The record reflects no request by wife for an evidentiary hearing. In her brief wife contends the court refused to have an evidentiary hearing. That allegation is also not self-proving, and statements unsupported by the record contained in an appellate brief do not rise to the dignity of proof sufficient to supply matters essential for review. *Holt v. Rabun*, 519 S.W.2d 561 (Mo.App.1975) [1,2]; *Lewis for Brown v. McKenzie*, 779 S.W.2d 28 (Mo.App.1989). On the record before us we have nothing to review.

■ Furthermore, even if the allegations of the motion were to be considered there is nothing therein to support wife's request to have the dissolution judgment set aside. All of the allegations are directed to the actions of wife's attorney. Nothing alleges that husband or his attorney in any way misrepresented, colluded, influenced, coerced, contributed to a mistake or were themselves mistaken. Wife relies upon *In re Marriage of Harrison*, 734 S.W.2d 934 (Mo.App.1987). That case involved allegations that husband, a lawyer, threatened to drag the litigation out in order to bankrupt wife, mentally and physically abused the wife, exerted economic pressure on the wife, and misrepresented facts as to how the judge would rule. The court there held the allegations were sufficient to survive a motion to dismiss treated as a motion for summary judgment. The notable distinction between that case and the one before us is that in *Harrison* the duress, coercion

and fraud was allegedly performed by the other party. The importance of that distinction is pointed out in *Harrison* where the court, quoting from *Jones v. Jones*, 254 S.W.2d 260 (Mo.App.1953) stated:

"Of such is the situation where the losing party to an action had a meritorious defense to interpose, but was prevented, without fault on his own part, from setting up his defense by reason of the fraud, deceit, or artifice *of the successful party*. In such an instance the fraud is to be regarded as having been perpetrated, not only upon the losing party, but upon the court as well, and if and when established constitutes a proper ground for equitable relief against the judgment." (Emphasis supplied)

See also Rule 74.06(b)(2) allowing relief from a final judgment or order for fraud, misrepresentation, or other misconduct *of an adverse party*.

Wife's verified motion contained no basis for requiring the setting aside of the dissolution judgment.

Judgment affirmed.

KAROHL and AHRENS, JJ., concur.