Charles C. CAMPBELL, Appellant–
Respondent,

v.

Penelope A. CAMPBELL, Respondent–
Appellant.

No. WD 44114.

Missouri Court of Appeals,
Western District.

Jan. 28, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 3, 1992.

William D. Rotts, Columbia, for appellant-respondent.

H.A. Walther, Columbia, for respondent-appellant.

Before SHANGLER, P.J., and BERREY and HANNA, JJ.

BERREY, Judge.

Appellant appeals the trial court's decision on his "Motion to Modify Decree of Dissolution." Appellant alleges the trial court erred in denying his motion to modify because substantial and continuing changed circumstances existed.

The parties' marriage was dissolved on October 8, 1985. Pursuant to the decree respondent was awarded $600 per month maintenance and the family home valued at approximately $75,000 with a $37,805 mortgage. Respondent received custody of the two minor children born of the marriage, Kevin born October 20, 1969, and Carrie

born September 28, 1971, and child support of $325 per child per month.

Appellant agreed to provide health insurance for the children and pay towards Carrie's higher education, costs of tuition, books for four school years or their equivalent. The costs were not to exceed normal and reasonable expenses of attending the University of Missouri at Columbia. Appellant was awarded exemptions of the children on his federal and state income tax returns for each year the child support payments were current.

Appellant filed his motion to modify April 3, 1989, and requested the court eliminate the maintenance provision, together with the provision regarding the educational expenses for Carrie. An amended motion was filed January 5, 1990. Both cited substantial and continuing change in circumstances as the basis for the relief sought. The trial court denied the modification request and this appeal followed.

The respondent on cross-appeal contends the trial court erred in denying her prayer for attorney's fee.

■ Section 452.370, RSMo (Supp.1990), requires a change in circumstances that is substantial and continuing in nature, such as to make the original judgment unreasonable, before a motion to modify will be granted. It is the appellant's burden to establish this fact. *Magaletta v. Magaletta*, 691 S.W.2d 457, 459 (Mo.App.1985). In *Early v. Early*, 659 S.W.2d 321 (Mo.App. 1983), the court held, "The standard of review set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), limits our review. We consider the law and the evidence and defer to the trial court's opportunity to have judged the credibility of witnesses." *Id.* 323.

■ We must first determine if the spouse receiving support has sustained a change in circumstances sufficient to justify the modification. *VanLuVan v. VanLuVan*, 577 S.W.2d 156, 157 (Mo.App. 1979).

■ At the time of the dissolution the respondent earned about $15,000 per year and had annual expenses of $30,360. The shortfall of approximately $15,000 was made up by awarding her maintenance of $600 per month and child support of $325 per child per month. At the time of this hearing she was earning $18,000 per year and her expenses were $22,398.

Respondent presents a statement of expenses indicating monthly expenses of $2,877.50 or about $34,500 per year. However, this includes $678 per month for "children in respondent's custody" and $300 per month for Kevin's college expenses, and when these expenses are eliminated respondent's expenses drop to about $23,000 per year.

When Kevin turned nineteen, appellant ceased paying child support. Kevin is now emancipated and no longer in respondent's custody. As for Carrie, she lives away at school the majority of the year. The expenses respondent lists for her are generally covered by her scholarship, grants or child support paid by appellant.

The respondent received a substantial inheritance, part of which is in a trust paying her about $840 per year and part a cash distribution of $67,982.56. Rather than investing this and securing additional investment income she purchased a new car, clothing and beauty aids. Her total expenditures for twelve months commencing October, 1988, was $66,350.49. Appellant alleges this, too, was a substantial change.

Appellant alleges he has sustained a significant decrease in income. He left his $60,000 a year job with Missouri University and with his new wife formed Charles C. Campbell Associates, Inc. At the motion hearing the appellant's accountant testified appellant earned about $65,880 in 1989. Clearly, this would be an increase in income from the time of trial. A substantial change has not occurred.

As we stated earlier, the statutory standard for modification of maintenance is changed circumstances so substantial and continuing as to make the terms of the original judgment unreasonable. § 452.370 RSMo (1990 Supp.). In determining whether the terms of such judgment have been made unreasonable, it must first be deter-

mined that the change in circumstances of the former spouse receiving maintenance justifies modification. *Early v. Early,* 659 S.W.2d at 323 (Mo.App.1983).

During the modification hearing, respondent agreed her expenses were less than at the time of trial. Because her expenses are substantially less than at the time of trial, this court finds a continuing and substantial change in circumstances and, therefore, reduces the maintenance award from $600 per month to $400 per month. Under Rule 84.14, "the appellate court shall ... give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case...." This reduced amount of maintenance will adequately cover the shortfall between her present income and expenses.

As noted in appellant's Point II, appellant's daughter receives a scholarship, grants and child support to assist her in her pursuit for higher education. Appellant alleges the trial court erred in not considering these revenues as a change in circumstances and that his child support obligation should, therefore, be reduced.

The separation agreement pertinent to this subject is as follows:

HUSBAND shall make payment of the cost of tuition and books for Carrie Ames Campbell with respect to her higher education for a period of four regular school years, or the equivalent thereof, such expenses not to exceed the then normal and reasonable expenses of attending the University of Missouri at Columbia.

According to appellant, there should be no current expense for maintaining a home for Carrie. Carrie's primary expenses are tuition, books, dormitory and miscellaneous. She receives $8,000 in scholarship and grant funds; her annual educational expense is $10,000. Appellant pays $325 per month child support for Carrie or $3,900 per annum.

Appellant asks this court to modify the child support to reflect more accurately the actual cost of her education over and above scholarship and grants. This figure is approximately $1,900 or $158.33 per month

over and above the total cost of Carrie's yearly education. According to Exhibit 2, respondent uses the child support to assist in defraying ongoing expenses for keeping a home available for this college student to return to during vacation and summer breaks. Carrie will not celebrate her twenty-first birthday until September 28, 1992. It should be noted that Kevin turned twenty-one on October 20, 1990. Appellant's Point II is denied.

Appellant alleges in Point III the trial court erred in denying his motion to hold respondent in contempt for wrongfully claiming Carrie as an exemption in 1989. The terms of the separation agreement which the court adopted and incorporated into the decree of dissolution provides:

HUSBAND shall be entitled to claim the minor children as his dependents on his federal and state income tax returns and claim the accompanying deduction and tax credit, provided that, if at the end of any calendar year, HUSBAND is delinquent in any of the support payments required herein, this paragraph shall be of no effect for the HUSBAND'S tax year that begins in that calendar year. WIFE shall execute and deliver to HUSBAND a "Release of Claim to Exemption for Child of Divorced or Separated Parents"—Part I (IRS Form 8332) for the previous calendar year by the following January 15th.

Appellant offered into evidence canceled checks totaling $4,450 paid as child support in 1989. The respondent claims she took the exemptions on advice of counsel and her belief that appellant was not current in his child support payments.

A motion for civil contempt is within the discretion of the trial court and the judgment will not be disturbed on appeal, absent showing a clear abuse of discretion. *Hoog v. Hoog,* 545 S.W.2d 303, 306 (Mo. App.1976); *In re Marriage of Mayfield,* 780 S.W.2d 139, 144 (Mo.App.1989). Appellant has failed to establish a clear abuse of discretion by the trial court and Point III is denied.

For her cross-appeal, Penelope Campbell alleges trial court error in denying her request for attorney's fee. In defense of respondent's motion to modify, § 452.355, RSMo 1986 provides that the trial court, after considering all relevant factors including financial resources of the parties, has broad discretion in awarding attorney fees. The trial court's decision in this matter will not be disturbed on appeal absent clear showing it has abused its discretion. *Kieffer v. Kieffer*, 590 S.W.2d 915 (Mo. banc 1979).

The decision of the trial court will not be disturbed on appeal unless there is no substantial evidence to support it; it erroneously declares the law; is against the weight of the evidence; or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Section 452.355, RSMo 1986 provides:

The court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment.

The financial resources of the parties are to be considered. The extent to which one party's conduct required the other to expend funds for attorney fees is also germane. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 655 (Mo. banc 1989).

"The trial court is in a better position not only to judge the credibility of the witnesses but also the sincerity of their positions, which might not be completely revealed by the record." *Id.* 655.

Very unusual circumstances need be demonstrated in order for the court to justify deviating from the rule that each party bears its own litigation costs. *Lyles v. Lyles*, 710 S.W.2d 440, 444 (Mo.App. 1986).

The award of attorney's fee requiring one party to a motion to modify to pay the other party's attorney's fee and litigation expenses is not justified absent showing of "very unusual circumstances." *In re Marriage of Hoglen*, 682 S.W.2d 179, 182 (Mo.App.1984).

In the instant case there was no "very unusual" circumstance demonstrated by the cross-appellant. There is no evidence that appellant acted vindictively or irresponsibly in filing the motion to modify. The mere fact that his motion was denied absent evidence that it was maliciously filed will not alone support cross-appellant's prayer for attorney's fee. Cross-appellant's point is denied.

The amount of maintenance is reduced from $600 to $400 per month. The order of the trial court is affirmed in all other respects.

All concur.