In Re the **MARRIAGE** of Robert Michael **LAWRY** and Sara Sue Lawry.

Robert Michael **LAWRY,**
Petitioner–Appellant,

v.

Sara Sue **LAWRY,** Respondent–
Respondent.

No. 18925.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 31, 1994.

---

Phillip A. Glades, Joplin, for petitioner-appellant.

Abe R. Paul, The Paul Law Firm, P.C., Pineville, for respondent-respondent.

GARRISON, Judge.

The parties to this dissolution action were married for approximately 24½ years prior to the decree which is the subject of this appeal. They had one child, a girl, who was 19 years old at the time of trial. Husband was employed as director of the lab at Freeman Hospital in Joplin, Missouri, earning over $50,000 per year plus bonuses which had varied from $500 to $2500 per year. Wife had a B.S. in education and was employed as a home economics teacher in the Joplin school system, earning $24,000 per year. The marital property consisted primarily of a home, two automobiles, a camper, boat and trailer, miscellaneous firearms and tools, the parties' IRA and retirement accounts, and various items of household furnishings. Husband appeals from the trial court's division of marital property, as well as its award to Wife of maintenance in the amount of $180 per month and attorney's fees of $1,000.

Pursuant to Rule 73.01,[1] in a court-tried case the decree or judgment of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *In re Marriage of Torix*, 863 S.W.2d 935, 937 (Mo.App.S.D.1993). In making that review,

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

the evidence is viewed in the light most favorable to the decree. *Id.*

Husband's first point is a multi-faceted complaint about the division of marital property. Initially, he argues that the division of marital property was disproportionately weighted in favor of Wife. He also contends that the value placed on some of the property awarded to him by the trial court was excessive and not supported by the evidence. As a result, he claims that the value of the property awarded to him was actually $5000 less than set out in the decree. In addition, he argues that the value of the marital property awarded to him should be reduced by an additional $5479, representing the marital debts he was ordered to pay. Assuming those adjustments, he argues that he actually received only 34% of the marital property.[2]

Husband's point relied on does not indicate what property was allegedly overvalued. The argument section of his brief refers only to a 1984 Blazer vehicle and his clothing and personal effects. He argues that the Blazer was valued at $3000 but was non-existent at the time of trial. The evidence indicated, however, that the vehicle had been sold by Husband for $4200 after spending $1200 on it a week earlier, thus netting $3000 which was not otherwise accounted for in the division of property.

He also argues that the court's valuation of his personal effects at $3000 was excessive by $2000. This apparently refers to the fact that Husband placed a value of $1000 on those items of property in a "Summary Of Marital And Non–Marital Property And Liabilities," which is also called a DR Form 1, and which was prepared and filed with the circuit clerk by Husband individually. He argues that the trial court was unjustified in "failing to follow its practice of using the value assigned by the person receiving the property." There is, however, no reference to the record or citation of authority supporting that contention. Additionally, the record does not indicate that the form referred to was introduced in evidence.

Section 452.330[3] requires that the trial court consider "all relevant factors" including the economic circumstances of the parties; the contribution of each of the parties to the acquisition of the marital property; and the conduct of the parties. The specific factors enumerated in § 452.330 are not exclusive and the trial court has considerable discretion and flexibility in dividing the marital property so as to accommodate the needs of the parties. *In re Marriage of Torix*, 863 S.W.2d at 938. The resulting division of marital property must be equitable, but not necessarily equal. *Id.; Schelsky v. Schelsky*, 796 S.W.2d 888, 891 (Mo.App. E.D.1990). The statute does not require that each party get what he or she wanted. *Bixler v. Bixler*, 810 S.W.2d 95, 100 (Mo.App. E.D.1991).

The party challenging the division of marital property has the burden of overcoming a presumption that the division was correct. *Bixler v. Bixler*, 810 S.W.2d at 100. Because of the discretion vested in the trial court to divide marital property, that division will not be disturbed on appeal unless it is so unduly favorable to one party as to amount to an abuse of discretion. *Ludlow v. Ahrens*, 812 S.W.2d 245, 249 (Mo.App.W.D.1991); *Bixler v. Bixler*, 810 S.W.2d at 100. An abuse of discretion occurs when the trial court's ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of deliberation. *Ederle v. Ederle*, 741 S.W.2d 883, 885 (Mo.App. E.D.1987).

There was evidence suggestive of misconduct in the instant case. Husband admitted taking one trip to Boston with a female co-worker which he explained was in connection with their job. Wife, however, testified that Husband was often at the co-worker's house when Wife was out of town, would call the co-worker from their home, and would take her

---

2. Our review of the record indicates that after deducting the debts each was ordered to pay, Husband received 40% of the marital property and Wife received 60% based upon the values utilized by the trial court.

3. All references to statutes are to RSMo 1986, V.A.M.S.

**88**

for motorcycle rides. Additionally, there was evidence that Husband had liquidated an investment account by signing Wife's name without her knowledge or consent, resulting in the delivery of shares of stock which he still held.

We are unable to conclude, based upon the record before us, that the trial court abused its discretion in either valuing or dividing the marital property.

■ Husband also contends that the trial court failed to divide all of the marital property in violation of § 452.330. An appeal from the original decree in this case was dismissed in part because it did not dispose of all the marital property. *Lawry v. Lawry,* 854 S.W.2d 842 (Mo.App.S.D.1993). Thereafter, the trial court entered the Amended Decree of Dissolution which is the subject of this appeal by which it found that "this is a full and complete disposition of all marital and non-marital assets and liabilities."

Husband now contends that the Amended Decree omitted two sets of "old mattresses." He says that they were "valued by the Parties at $150 and designated to be set aside to Husband" in a document also referred to as a DR Form 1, which was filed jointly by the parties and was introduced at trial. The exhibit apparently indicated the values each party placed on the individual items of marital property as well as the party who was requesting it. It also contained a designation of the items which were disputed either as to value or the party to receive them. This exhibit has not been filed with this court, and the record before us does not reflect that these mattresses existed, other than by reason of the fact that they were listed in the original decree without a valuation. We note, however, that the DR Form 1 filed only by Husband, which is a part of the legal file, contained no reference to two old mattresses. Additionally, Husband filed a motion for leave to file the transcript and legal file from the original appeal in this case in which he stated that the trial court had "amended the Decree of Dissolution of Marriage so as to completely divide all of the marital property in accordance with the order of this Court." In summary, the record before us does not reflect that the parties owned two sets of old mattresses which were not divided, and we are unable to conclude that because of this alleged omission we are deprived of jurisdiction for the reasons specified when the earlier appeal was dismissed in *Lawry v. Lawry,* 854 S.W.2d at 844.

■ Husband also complains that the trial court failed to divide "certain property as the parties agreed." By reference to the argument section of his brief, it appears that he is referring to an "organ, pool table and miscellaneous hand tools and car tools." He says that "both Wife and Husband were requesting this property be set aside to Husband," and cites *Meyerpeter v. Meyerpeter,* 664 S.W.2d 11 (Mo.App.E.D.1983), as authority for the proposition that it is an abuse of discretion for the trial court to award marital property to a spouse who requested that it be set aside to the other party. The record, however, does not support Husband's contention in this regard. His argument refers to the joint DR Form 1 which was referred to earlier and which has not been filed with this court. The record does not indicate its contents other than some incomplete references contained in the trial transcript. There was no testimony concerning the organ or the pool table. As to the tools, the evidence indicated a dispute as to their valuation, including Husband's testimony that he was agreeable that Wife could have those items at the price assigned by her in the joint DR Form 1. He also testified that it was agreeable with him for the court to add up all the assets and all of the debt and make a "fair decision." The record simply does not support Husband's contention with respect to this allegation of error.

■ Finally, in his first point, Husband complains that he was required to pay all of the marital debt even though most of it was incurred by Wife after the separation and after she had agreed to assume at least part of it. This complaint apparently refers to credit card and other similar debts totaling $5479. The record presented to us does not reflect that Wife agreed to assume any of that debt, nor does it indicate an abuse of discretion in ordering Husband to pay it. For the above reasons, Point I is denied.

In his second point, Husband contests the award of maintenance. He disputes Wife's entitlement to the award as opposed to the amount. He argues that there was no evidence to support the finding required by § 452.335 that Wife lacked sufficient property, including marital property apportioned to her, to provide for her reasonable needs and that she was unable to support herself through appropriate employment.[4]

Husband points to the amount of marital property awarded to Wife and the fact that she was earning over $24,000 per year from her employment. None of the property awarded to Wife, however, was income-producing. Included was the family home which the court valued at $68,000 and on which there were monthly payments of $547, and a 1989 Sable automobile valued at $8,000 and which carried with it monthly payments of an unspecified amount.

A spouse is not required to deplete the marital property set aside to her before being entitled to maintenance. *Probstein v. Probstein*, 767 S.W.2d 71, 74 (Mo.App.E.D. 1989); *In re Marriage of Reed*, 762 S.W.2d 78, 85 (Mo.App.S.D.1988); *Whitmore v. Whitmore*, 732 S.W.2d 572, 574 (Mo.App.E.D. 1987); *Fausett v. Fausett*, 661 S.W.2d 614, 617 (Mo.App.W.D.1983). In the instant case, therefore, the amount of marital property awarded to Wife does not require the conclusion that she has sufficient property to provide for her reasonable needs, thereby precluding an award of maintenance.

Husband also argues that because of Wife's employment income of $24,000 per year, the trial court could not have found that she was unable to support herself. Husband makes numerous references in his brief to Wife's Exhibit B, which was introduced at trial and which allegedly consisted of an itemization of Wife's income and expenses. He argues that Exhibit B listed expenses which should have been excluded in determining Wife's need for maintenance, and that

without them the evidence showed that she was capable of being self-supporting through her own employment. This exhibit, however, is not included in the record filed with this court.

The record on appeal must contain all of the record, proceedings and evidence necessary for a determination of the questions presented to the appellate court. *Flora v. Flora*, 834 S.W.2d 822, 823 (Mo.App. E.D.1992). Statements in a brief which are unsupported by the record are not evidence and are insufficient to supply essential matters for review. *Id.* See also *Keesee v. Meadow Heights R–II School Dist.*, 865 S.W.2d 818, 824 (Mo.App.S.D.1993); *Tintera v. Tintera*, 823 S.W.2d 69, 70 (Mo.App.E.D. 1991). Evidentiary omissions will be taken as favorable to the trial court and unfavorable to the appellant. *Flora v. Flora*, 834 S.W.2d at 823.

In the instant case, the record before us is, therefore, insufficient to support Husband's argument and we are unable to find that the maintenance award of $180 per month was an abuse of discretion requiring reversal. To this extent, Husband's Point II is not well taken and is denied.

Although it is not included in his point relied on, Husband also argues that the trial court erred in designating the maintenance order as "non-modifiable." We are permitted to make a plain error review of matters affecting substantial rights which, although not properly preserved for appellate review, may have resulted in a manifest injustice or a miscarriage of justice. Rule 84.13(c); *Sertoma Building Corp. v. Johnson*, 857 S.W.2d 858, 859 (Mo.App.S.D.1993). We exercise our discretion to do so concerning this particular issue.

The Amended Decree apparently added the "non-modifiable" designation to the maintenance order in response to this court's earlier opinion (*Lawry v. Lawry*, 854 S.W.2d at 844) which directed the trial court to indi-

---

4. In the instant case neither party requested findings of fact or conclusions of law and the trial court made none with reference to the issue of maintenance. If not so requested, all fact issues are considered to have been determined in accordance with the result reached. Rule 73.01(a)(3);

*Meredith v. Brackett*, 856 S.W.2d 103, 107 (Mo. App.S.D.1993). Accordingly, the trial court is presumed to have found that Wife lacked sufficient property to provide for her reasonable needs and was unable to support herself through appropriate employment.

cate whether the maintenance award was modifiable or non-modifiable. This requirement was made by reason of the mandatory nature of § 452.335 which provides, in part: "The maintenance order shall state if it is modifiable or nonmodifiable. The court may order maintenance which includes a termination date...."

The statute, however, does not bestow unfettered discretion on the trial court. Just as an order terminating maintenance at a definite date in the future must be supported by substantial evidence of an impending change of the parties' circumstances (*see Thompson v. Thompson*, 853 S.W.2d 410, 412–413 (Mo.App.W.D.1993); *Cohn v. Cohn*, 841 S.W.2d 782, 786 (Mo.App.E.D.1992)), a maintenance order providing that it is "nonmodifiable" must be justified by the facts and circumstances of that particular case. Our Supreme Court has held that because maintenance is founded on need, it may extend only as long as the need exists. *Cates v. Cates*, 819 S.W.2d 731, 735 (Mo. banc 1991).

Maintenance which is non-modifiable may extend beyond the receiving spouse's remarriage. *See Gieseler v. Gieseler*, 787 S.W.2d 810, 813 (Mo.App.E.D.1990). There is nothing in the record in the instant case to indicate that there was a justification for ordering maintenance which might survive remarriage by Wife or other events which might affect the propriety of the award. Where future events which may be pertinent to the issue of maintenance are uncertain, such an award should be modifiable. *See Harris v. Harris*, 784 S.W.2d 630, 631 (Mo.App.W.D.1990).

In the instant case, the maintenance award of $180 per month was for an indefinite period of time. Our review of the record reveals no evidence which would justify a "non-modifiable" award, and that portion of the order must, therefore, be reversed and the case remanded.

In his final point, Husband contends that the trial court abused its discretion in awarding Wife attorney's fees in the amount of $1000 because there was no evidence to support the award or justify a deviation from the rule that each party should bear his or her own litigation expenses. It is true that the basic premise is that each party should bear his or her own litigation expenses and that a deviation from that rule requires a showing of unusual circumstances. Husband cites *Lyles v. Lyles*, 710 S.W.2d 440, 444 (Mo.App.E.D.1986), and *Campbell v. Campbell*, 825 S.W.2d 319, 323 (Mo.App.W.D.1992), in support. The *Lyles* case, however, also noted that § 452.355 requires the trial court to consider all relevant factors, including financial resources, in considering an award of attorney's fees. 825 S.W.2d at 323. This court recently affirmed an award of attorney's fees in a domestic relations case where the record contained evidence of the financial resources of the parties and the husband's superior ability to earn. *Dimmitt v. Dimmitt*, 849 S.W.2d 218, 222 (Mo.App.S.D.1993). In that case, we noted that the trial court has broad discretion in ordering the payment of attorney's fees and that such an order will be reversed only for an abuse of that discretion. *Id.*

In the instant case, there was evidence that Wife's attorney's fees and expenses, minus a retainer, amounted to $1860 at the time of trial. There was also evidence that Husband's income is more than twice that of Wife's. Under these circumstances, we do not conclude that an award of $1000 for attorney's fees was an abuse of discretion. This point is, therefore, denied.

The judgment is affirmed in all respects except the determination that the maintenance award is non-modifiable. The case is remanded to the trial court with directions to enter an amended decree specifying that the award of maintenance is subject to modification upon proper pleadings and proof.

FLANIGAN, P.J., and PREWITT, J., concur.