**In re the Marriage of: Diana
RAWLINGS, Petitioner–
Respondent,**

**v.**

**Thomas RAWLINGS, Respondent–
Appellant.**

**No. SD 30399.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 19, 2011.

Jennifer D. Akre, Springfield, MO, for Appellant.

Ann R. Littell Mills, Springfield, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

■ Diana ("Respondent") and Thomas ("Appellant") Rawlings were granted a dissolution on the basis of an executed Property Settlement and Separation Agreement and an Affidavit in Support of Judgment for Dissolution of Marriage.[1] Within thirty days, Appellant filed a motion for rehearing, new trial, or in the alternative, a motion to vacate or set aside the judgment and decree of dissolution of marriage based on Appellant's "duress" in the signing of both documents. We affirm the judgment.

The record before us consists of the case's docket sheet, the petition for dissolution of marriage, the judgment and decree of dissolution of marriage, an affidavit in support of the judgment for dissolution of marriage, the property settlement and separation agreement, Appellant's after-trial motion, and the notice of appeal. The docket sheet reflects that the trial court overruled Appellant's after-trial motion after hearing arguments on the matter.

In his after-trial motion, Appellant alleges that he "signed the settlement documents under duress after being threatened with criminal prosecution. [And that Respondent] agreed to refrain from bringing those charges when the Property Settlement and Separation Agreement was signed. Although [Respondent's] allegations were completely false, [Appellant] was afraid of the embarrassment and expense involved in defending against those allegations."

■ The motion is not self-proving. *Tintera v. Tintera*, 823 S.W.2d 69, 70 (Mo. App. E.D.1991). The movant has the bur-

den of proving the allegations contained in a post-trial motion. *Agnello v. Walker*, 306 S.W.3d 666, 675 (Mo.App. W.D.2010). Appellant offered no evidence to support the allegations contained in the motion. In this appeal, Appellant contends that "although counsel was prepared to present evidence" at the hearing, "no witness testimony was taken and no other evidence was heard on the issue of duress or any of the other issues presented" in the after-trial motion. The record reflects no request for an evidentiary hearing.[2] Appellant is not contending that the trial court refused to have an evidentiary hearing when requested to do so; therefore, Appellant must be contending that the court should have heard evidence sua sponte. We find no support for that claim. The record contains no indication of any attempt on Appellant's part to produce evidence at the hearing.

■ Appellant's claim of error in the trial court's ruling on his after-trial motion without hearing any evidence seems facially reasonable, but is wholly without merit when, as here, Appellant (the movant) failed to provide the trial court with any evidence. *See Tintera*, 823 S.W.2d at 70 (holding that there was nothing for the court to review in the appeal of a judgment entered in a dissolution proceeding, specifically the denial of an after-trial motion which included a claim that the judgment was obtained by duress where the "[w]ife offered no evidence to support the allegations contained" in her after-trial motion).

"[A] litigant who complains about the exclusion of evidence should invariably make an offer of proof, both to inform

---

1. Thirty–First Judicial Circuit Court rule 6.9 provides for the entry of final orders or judgments in a dissolution proceeding upon the affidavit of either or both parties in certain circumstances.

2. Appellant was represented by different counsel at the hearing than he is now on appeal.

the trial court about the content of the proffered evidence and to allow an appellate court to assess the prejudicial effect of the exclusion." *McAllister v. McAllister,* 101 S.W.3d 287, 291 (Mo. App. E.D.2003) (citation and quotation marks omitted). The proponent of evidence bears the burden of making an offer of proof. *Vehlewald v. Vehlewald,* 853 S.W.2d 944, 954 (Mo.App. E.D.1993).

*Giles v. Riverside Transp., Inc.,* 266 S.W.3d 290, 298–99 (Mo.App. W.D.2008). Had the record been clear that Appellant requested an evidentiary hearing and was denied one, or that Appellant attempted to proffer evidence at the hearing and the court denied Appellant that opportunity, Appellant would likely be entitled to a remand for an evidentiary hearing. *See, e.g., Knothe v. Belcher,* 691 S.W.2d 297, 299 (Mo.App. W.D.1985) (An evidentiary hearing on a motion for a new trial should be granted where a hearing was requested). Those scenarios, however, are not found in the record before us. Because there is nothing in the record to provide any indication that Appellant attempted to produce any evidence at the hearing on his after-trial motion, we have nothing to review on the record before us.

The trial court did not err in ruling on the after-trial motion without considering evidence it was never asked to consider. The judgment is affirmed.

SCOTT, C.J., FRANCIS, J., concur.