

# Missouri Court of Appeals
## Southern District
### Division Two

| | | |
|---|---|---|
| In re the Marriage of Lavada Fay Otis and Russell James Otis | ) ) ) | |
| LAVADA FAY OTIS, | ) ) | |
| Petitioner-Respondent, | ) ) | |
| vs. | ) ) | No. SD33453 |
| RUSSELL JAMES OTIS, | ) ) | Filed July 14, 2015 |
| Respondent-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF MARIES COUNTY

Honorable Kerry G. Rowden, Associate Circuit Judge

AFFIRMED AS MODIFIED

Russell Otis ("Husband") appeals from the trial court's judgment regarding maintenance and attorney's fees involved in the dissolution of Husband's marriage to Lavada Otis ("Wife," presently known as Lavada Moore).  Husband argues:  (1) that the trial court erred in awarding Wife $670 of nonmodifiable maintenance because the court failed to examine all the statutory requirements; (2) that the trial court erred in awarding Wife nonmodifiable maintenance because it is speculative as to the future financial positions of the parties; and (3) that the court erred in awarding attorney's fees to Wife because the court failed to consider the resources of each party.

1

Finding merit in Husband's second point, we modify the judgment to designate the maintenance award as modifiable but affirm the remainder of the judgment in all other respects.

## Factual and Procedural Background

The facts relevant to this appeal, set forth in the light most favorable to the judgment, *Scruggs v. Scruggs*, 161 S.W.3d 383, 388 (Mo.App. 2005), are as follows. Wife, age 66, is retired and receives $707 per month in retirement benefits. Husband, age 57, is employed and earns $3,802.07 per month. Wife filed a petition for dissolution that requested maintenance because she was "not currently employed" and did not have "sufficient property to provide for her reasonable needs." The parties proceeded to a bench trial on the issues of maintenance, property division, and attorney's fees. Husband was self-represented at trial, and Wife was represented by counsel. She testified that she previously held a Roth IRA valued at $6,000 in her name alone but she had expended all the funds in that account paying attorney's fees and maintaining the household. Wife claimed that she needed maintenance because her cost of living exceeded her retirement benefits and she was unable to work at the time due to "health issues."

The trial court found that Wife was unemployed and it was unlikely that she could become re-employed. Therefore, the court awarded Wife maintenance in the amount of $670 per month, which it designated as nonmodifiable and terminable only upon Wife's death or remarriage. Wife was also awarded attorney's fees of $6,224. Husband then hired an attorney and filed an after-trial motion, which was denied by docket entry. This appeal timely followed.

## Standard of Review

An appellate court must affirm the circuit court's award of maintenance unless there is no substantial evidence to support the award, it is against the weight of the evidence, or it erroneously declares or applies the law. We afford the circuit court a great deal of discretion in awarding maintenance. In the absence of a finding that the amount is patently unwarranted and wholly beyond the means of the spouse who pays, this court will not interfere with the circuit court's award of maintenance.

2

*Burnett v. Burnett*, 18 S.W.3d 27, 29 (Mo.App. 2000) (internal citations omitted). The trial court has similarly broad discretion with respect to awards of attorney's fees. *Manning v. Manning*, 292 S.W.3d 459, 462 (Mo.App. 2009). We therefore presume correct the trial court's decision. *Id.* "[I]f an appellate court believes the trial court abused its discretion, it is obligated to enter the judgment the trial court should have entered." *Alles v. Alles*, 916 S.W.2d 353, 355 (Mo.App. 1996); see also Rule 84.14.[1]

While Husband's second point challenges the trial court's nonmodifiable designation of the maintenance award as an abuse of discretion, neither his first point nor his third point assert any legal reason for trial error cognizable within our standard of review. Rather, in both of those points, Husband asserts that the trial court failed to consider certain factors related to the award of maintenance and attorney fees, respectively, supported by argument premised upon the omission of any findings of fact in the trial court's judgment related to those alleged unconsidered factors. We address those points together and then address Husband's second point.

## Discussion

### *Points I and III: No Error in Failure to Make Unrequested Findings of Fact*

Husband's first point contends that the trial court erred in awarding maintenance because it "failed to examine the threshold requirements and all relevant factors of section 452.335."[2] Husband's argument goes on to detail numerous alleged shortcomings in the trial court's judgment premised upon the lack of any factual findings in the judgment addressing these statutory factors.

---

[1] Rule references are to Missouri Court Rules (2015).
[2] Statutory references are to RSMo 2000.

Similarly, in his third point, Husband contends that the trial court erred in awarding Wife attorney's fees because the court "failed to consider Husband's ability to pay them and the resources of each party, in that Wife had already paid her attorney in full using a marital asset, therefore, the award of attorney's fees to Wife provides her with a windfall." Section 452.355 provides that attorney's fees may be warranted "from time to time after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action[.]" Husband argues that the trial court failed to perform a meaningful analysis of the above factors. Once again, Husband premises his claim of error for failing to consider certain evidence upon the omission of related findings of fact in the trial court's judgment.

Both of Husband's points fail because a judgment is not deficient because the trial court fails to announce that it has arrived at its decision "in accordance with the requisite statutory factors." *Schroeder v. Schroeder*, 924 S.W.2d 22, 28 (Mo.App. 1996). "In the absence of a specific request by counsel, the factors need not be the subject of findings of fact or conclusions of law." *P.L.K. v. R.J.K.*, 682 S.W.2d 486, 489 (Mo.App. 1984); *see also* *Johnson v. Johnson*, 671 S.W.2d 426, 427-28 (Mo.App. 1984). Husband did not request the trial court to make findings of fact on any issues before the introduction of evidence at trial as required by Rule 73.01(c). "While a party may request that the trial court include specific findings in its judgment, pursuant to Rule 73.01(c), where he does not do so prior to the introduction of evidence, the trial court is under no obligation to specifically identify the facts it utilized in its determinations." *In re Marriage of Geske*, 421 S.W.3d 490, 497 (Mo.App. 2013). Where a trial court is not obligated to make specific findings of fact in its judgment, the omission of such

4

findings provides no logical basis upon which to premise trial court error. Husband's first and third points are denied.

### Point II: Designating Maintenance Award as Nonmodifiable was an Abuse of Discretion

Husband's second point argues that the trial court erred in awarding Wife nonmodifiable maintenance of an unlimited duration[3] because it is speculative as to Wife's future needs and Husband's future ability to pay. Although trial courts have broad discretion with respect to awards of maintenance, "[section 452.335] does not bestow unfettered discretion on the trial court." *In re Marriage of Lawry*, 883 S.W.2d 84, 90 (Mo.App. 1994). "[A] maintenance order providing that it is 'non-modifiable' must be justified by the facts and circumstances of that particular case." *Id.* "Where future events which may be pertinent to the issue of maintenance are uncertain, such an award should be modifiable." *Id.*

In *In re Marriage of Michel*, the court considered a nonmodifiable maintenance provision and noted that because one of the parties to divorce "testified about the current status of her health, but failed to include any medical records or expert testimony regarding her future health situation," the record was devoid "of any evidence regarding what her future health status might be or her ability to be employed in the future." 142 S.W.3d 912, 926 (Mo.App. 2004). For this reason, among others, the appellate court reversed the nonmodifiable designation in the judgment. *Id.*

Similarly here, Wife's attorney asked, "And do you have any opportunities for employment *at this time*?" and Wife responded, "*At this time*, because of health issues, no, I do not." (Emphasis added). Although the trial court could believe from this testimony that Wife was not employable at the time of trial due to her health issues or for a reasonable period of time

---

[3] Husband does not argue that the trial court erred in awarding maintenance of an unlimited duration. Rather, he argues that, based upon the evidence before the trial court, it erred in designating such maintenance as nonmodifiable.

thereafter, Wife proffered no evidence concerning the nature of her health issues and whether they would continue such that she would be unable to work or earn any other income for the rest of her life. Similarly, there is no evidence in the record that Wife's financial needs will not change during the rest of her life. In these respects then, there is no substantial evidence in the record supporting that Wife's future financial circumstances will not change over the course of the rest of her life, which would have been necessary to justify designating the maintenance award as nonmodifiable.

Husband also argues that the designation of the maintenance award as nonmodifiable is unjustified because it fails to consider potential changes in Husband's future ability to pay. By the terms of the judgment, Husband's maintenance obligation is fixed regardless of any change in his future ability to pay that maintenance. There is no substantial evidence in the record, however, that supports that Husband's income and expenses will not change in the future so as to have no impact upon his future ability to pay the maintenance award. Any inference or conclusion otherwise is simply speculation that is not conducive to an award of nonmodifiable maintenance. See e.g., **Boone v. Boone**, 637 S.W.2d 249, 250 (Mo.App. 1982) (A couple's competing arguments concerning their declining health and future retirement was "too speculative" to find trial court error at present and should be addressed factually with a motion to modify if and when they develop.).

Based upon the record before the trial court, there was no substantial evidence as to the likely stability of the parties' future financial circumstances which would support designating the maintenance award as nonmodifiable. Therefore, such a designation was an abuse of the trial court's discretion. Husband's second point is granted. Therefore, as directed by Rule 84.14, we modify the trial court's judgment to designate the maintenance award as modifiable.

6

**Decision**

The trial court's judgment is modified to reflect that the maintenance award is designated as modifiable, but is affirmed in all other respects.


GARY W. LYNCH, J. – Opinion author

MARY W. SHEFFIELD, P.J. – concurs

NANCY STEFFEN RAHMEYER, J. – concurs