JOHN BRECKENRIDGE, Respondent, v. WHITE & COMPANY, Appellants.

Kansas City Court of Appeals, April 7, 1902.

1. Trial Practice: PLEADING: EVIDENCE: INSTRUCTION: LOSS OF INSURANCE. The action was on a note. The defense was, the plaintiff as mortgagee failed to make proof of the loss by fire of the property covered by the mortgage made to secure the note and the insurance was thereby lost. The evidence showed timely presentations of proofs by the plaintiff and the insolvency of the insurance company, but that pressure by the plaintiff would have secured payment of the insurance. The court gave a peremptory instruction for the plaintiff. *Held*, instruction was proper since the

pleading presented no issue save the failure to make proofs and that was without evidence.

2. **Negligence: COMMON DUTY: MORTGAGOR AND MORTGA-GEE: LOSS OF INSURANCE.** Where duty rests alike upon two, one can not charge the other with negligence in failing to do it since he could have had the right to do it himself; so a mortgagor can not charge a mortgagee with negligence in failing to collect the insurance on the mortgaged property when he had equal right to collect himself.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis,* Judge.

AFFIRMED.

*John S. Blackwell & Son* for appellants.

(1) Respondent admitted that if the president and secretary of the company were present in court as witnesses they would testify that for some months after the fire, which occurred December 29, and for some months after February 15, the time when the proof of loss was filed, the company was able to and did pay claims; that the claim had never been presented to the assignee, and that if it had been presented to him within a reasonable time after his appointment, the same or the greater portion thereof would have been paid. The case ought not to have been taken from the jury, because the jury are the exclusive judges of the weight and sufficiency of the evidence. McKown v. Craig, 39 Mo. 156; Baum v. Fryrear, 85 Mo. 151; Taylor v. Short, 38 Mo. App. 21; Gutridge v. Railroad, 105 Mo. 520; Culverson v. City of Maryville, 67 Mo. App. 343; Jackson v. Hardin, 83 Mo. 175; Gregory v. Chambers, 78 Mo. 298; Wolff v. Campbell, 110 Mo. 114; Cleveland & Aurora Company v. Ross, 135 Mo. 101; Patterson v. Railroad, 47 Mo. App. 570; Stewart v. Sparkman, 69 Mo. App. 456. (2) It is the well-settled rule in this State that if there is any evidence at all to support the allegations of an

Breckenridge v. White & Co.

answer that states a defense, it is error to give a peremptory instruction. Owens v. Rector, 44 Mo. 389; Benton v. Klein, 42 Mo. 97; Vaulx v. Campbell, 8 Mo. 224; Lumber Company v. Christophel, 62 Mo. App. 98.

*M. C. Shewalter* and *William Aull* for respondent.

(1) The peremptory instruction given by the court was properly given. Under the law and the evidence there was no other alternative. The execution of the note was admitted and the evidence of appellant White, as well as that of all witnesses offered by respondent, conclusively disproved the alleged negligence set forth in the answer. Atkinson v. Milk Co., 44 Mo. App. 153; Wolff v. Campbell, 110 Mo. 114; Clemens v. Dryden, 6 Mo. App. 597; Adams County Bank v. Hainline, 67 Mo. App. 483; Huttig Sash and Door Co. v. Gitchell, 69 Mo. App. 115; Clemens v. Knox, 31 Mo. App. 185; Kauffman v. Christophel, 62 Mo. App. 98; Stephens v. Co., 67 Mo. App. 587; Frankenthal v. Goldstein, 44 Mo. App. 189; Mitchell v. Co., 116 Mo. 226. (2) An instruction not based on the pleadings is properly refused. Morman v. Bender, 80 Mo. 579; Nugent v. Curran, 77 Mo. 323; Brown v. Railroad, 101 Mo. 484; Flint Walling Mfg. Co. v. Ball, 43 Mo. App. 504; Railroad v. Railroad, 118 Mo. 599; Jacquin v. Cable Co., 75 Mo. App. 320; Matson v. Frazer, 48 Mo. App. 302; Scott v. Allenbaugh, 50 Mo. App. 130. (3) There can be no evidence on which to base an instruction if such evidence overthrows the pleadings of the party who introduced it. Capital Bank v. Armstrong, 62 Mo. 59; Bank v. Murdock, 62 Mo. 70. (4) An issue not made by the pleadings can not be thrust into the cause by instructions. Glass v. Gelvin, 80 Mo. 297; Nall v. Railroad, 97 Mo. 68; Tetherow v. Railroad, 98 Mo. 74; Brown v. Railroad, 31 Mo. App. 661; Nelson Mfg. Co. v. Mitchell, 38 Mo. App. 321; Bender v. Dungan, 99 Mo. 126. (5) Notwithstanding the admis-

sion of evidence not within the pleadings, the instructions must be based upon the pleadings. Mosman v. Bender, 80 Mo. 579; Aultman-Taylor Co. v. Smith, 52 Mo. App. 351; Bank v. Westlake, 21 Mo. App. 565; Nugent v. Curran, 77 Mo. 323; Matson v. Frazer, 48 Mo. App. 302; Scott v. Allenbaugh, 50 Mo. App. 130.   (6)   Appellants, if they so desired, could have sued on the policy or filed claim before assignee.   They had the right to require respondent to do so. Anthony v. Ins. Co., 48 Mo. App. 65; Megher v. Stewart, 6 Mo. App. 500; Harney v. Dutcher, 15 Mo. 93; Rogers v. Gosnell, 51 Mo. 466.

BROADDUS, J.—The plaintiff brought this action to recover the principal and interest of a note executed by the defendants and payable to him for the sum of $675 dated April 19, 1898, and due in twelve months after date.   The answer admits the execution of the note but sets up in defense the following facts, viz.:   That the defendants had assigned to the plaintiff a certain policy of insurance issued to the defendants by the Town Mutual Insurance Company of Excelsior Springs, Missouri, for $800, indemnifying them for loss by fire on their mill at Waverly, Missouri; that the loss if any, was made payable to the plaintiff, as mortgagee, who held a mortgage from defendants to secure the payment of the note in suit; that on December 29, 1898, said mill was destroyed by fire; that plaintiff negligently failed and refused to make proof of loss and converted the policy to his own use thereby preventing defendants from making such proof of loss; and that by reason of said negligence of plaintiff and said conversion of said policy, defendants were damaged $800, which they plead as a setoff and counterclaim against plaintiff's demand.   The plaintiff's reply put in issue the allegations of the defendants' answer.

The evidence was undisputed that there was a fire which destroyed the defendants' mill, upon which the plaintiff held

a mortgage to secure the payment of said note; that Brecken-
ridge, through defendant White, duly made proof of loss which
was filed with the said insurance company at its place of
business at Excelsior Springs, Missouri; and that some time in
April, 1899, the said company made an assignment.    The de-
fendants offered evidence tending to prove that if the plaintiff
had pressed the claim for said loss that all, or a greater part
thereof, would have been paid.    On the other hand the evi-
dence of the plaintiff was to the effect that the insurance com-
pany was wholly insolvent.

The court gave several instructions amongst which was
one that the jury would find for the plaintiff for the amount
of the note and interest.    The defendants contend that the
giving of said instruction was error for the reason that there
was evidence tending to show that the plaintiff, by the exer-
cise of diligence, could have collected a part of said insurance.
And we are cited to many authorities to sustain the proposition
that where the evidence is conflicting it is error for the trial
court to give a peremptory instruction upon the issue.    The
soundness of this position can not be controverted, for the law,
as a general proposition, is well settled in this State.  But it
seems to us that the application of the rule is not proper in this
case for the reason that there was no issue made by the plead-
ings that the plaintiff had negligently failed or refused to col-
lect the policy, but that he had negligently failed to *prove the
loss* by fire.    It is true that both parties had introduced evi-
dence upon the question not put in issue by the pleadings, but
it seems that notwithstanding such evidence the plaintiff
sought to hold the defendants to the real issue by asking and
obtaining said peremptory instruction.    And we must presume
that the court, by the giving of said instruction, intended to
confine the parties to the real issue so made by the pleadings.
It would set a bad example for this court to reverse the action
of a trial court in giving instructions ignoring evidence not
responsive to the issues, for as a rule no such evidence should

be offered and admitted.   As all the evidence tended to show
that the plaintiff timely and duly made proof of loss and filed
it with the insurance company, there were no controvertible
facts arising on the pleadings; therefore, the giving of said
instruction was justifiable.

The respondent insists further that the judgment should
be affirmed on the ground that under the law the defendants
had the same right to prosecute the collection of the claim for
insurance as the plaintiff had, and that such being the case the
plaintiff is not chargeable with negligence when it is shown
that if there was any such negligence, that of the defendants
was equal to that of the plaintiff.   It is a rule of reason and right,
as well as law, that where the same duty rests equally upon two
persons to do or not to do a particular thing, one of the parties
can not have a remedy against the other for failure to do or
not to do the particular thing, for the reason that he, himself,
ought to have acted or refrained from acting, as the case might
be.   In Anthony v. Ins. Co., 48 Mo. App. 65, it was held that
in an insurance policy which was made to A, and payable to S
the mortgagee, that A was a trustee of the express trust and
S the beneficiary thereof, and that either or both could main-
tain an action on the policy, and a recovery by either would bar
any further action.   And a similar principle was applied in
Rogers v. Gosnell, 51 Mo. 466.   It follows, therefore, that
the defendants were not in a position to charge the plaintiff
with negligence for failure to do an act which, under the law,
it was as much their duty to do as it was that of the plaintiff.

It seems to us that under no sound theory of the case
can the action of the lower court be successfully assailed.
Cause affirmed.   All concur.