In re the MARRIAGE OF Ruth HOL-LANDER and Wallace K. Hollander.

Ruth HOLLANDER,
Petitioner-Respondent,

v.

Wallace K. HOLLANDER,
Respondent-Appellant.

NO. 41580.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 24, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1981.

Edward P. Burke, Wion, Burke & Boll, Clayton, for petitioner-respondent.

Harry B. Wilson, Bruce C. Bailey, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, for respondent-appellant.

SIMON, Judge.

This is an appeal from a judgment in a dissolution case, which was entered on

January 2, 1979 by the Circuit Court of St. Louis County. Appellant, the former husband, contends (1) the trial court's valuation of the marital property was not based upon substantial evidence; (2) the trial court's treatment of a 1977 Ford LTD station wagon and a savings account in Missouri Savings and Loan as respondent's separate property is erroneous; (3) the trial court erred in treating the interest in the Seven-Cities Distributing Company as marital property; and (4) the trial court erroneously awarded to the respondent a portion of an Audrain County farm, because the award did not effect a complete severance of unity of title and possession and the award gave respondent an interest in the farm, which is the appellant's sole means of support.

We have carefully reviewed the record and considered each of the appellant's points, and an extended discussion would be of no precedential value. We find that the judgment is supported by substantial evidence, is not against the weight of the evidence and no error of law appears. Accordingly, under the authority of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), we rule these points against the appellant. Rule 84.16(b).

In his reply brief, appellant raises an additional point. He contends the trial court's award to respondent of $64,300 secured by a lien on appellant's remaining farmland, to be payable in five yearly installments at a rate of 10% interest per annum, is "contrary to law." As noted, this point was not raised in appellant's initial brief. A claim of error first set forth in a reply brief does not present an issue for appellate review. *Lytle v. Page*, 591 S.W.2d 421, 426 (Mo.App.1979). However, we may consider plain errors affecting substantial rights though not raised or preserved when we find manifest injustice has resulted therefrom. Rule 84.13(c). We hold that awarding greater interest than is

1. § 408.040 RSMo 1978.

2. § 408.040 RSMo Supp. 1979, which increased the interest rate on a money judgment to 9%,

allowed by statute necessarily results in manifest injustice. On the date of rendering the judgment herein, the statutory rate was 6% per annum.[1] Our legislature has increased the rate, but increased it to 9% per annum,[2] not 10% per annum. Therefore, that part of the judgment providing an interest rate of 10% per annum is reversed and remanded with directions to enter a judgment reflecting the statutory rate of interest. See, *White v. St. Louis-San Francisco Railway Company*, 602 S.W.2d 748, 756 (Mo.App.1980). In all other respects, the judgment is affirmed.

SATZ, P. J., and SMITH, J., concur.

was approved on May 31, 1979 and became effective on September 28, 1979.