Ernest R. BIDSTRUP, Respondent,

v.

Ida Virginia BIDSTRUP, Appellant.

No. WD 39536.

Missouri Court of Appeals,
Western District.

May 24, 1988.

Steven A. Fritz, Sedalia, for appellant.

Robert B. Reeser, Jr., Sedalia, for respondent.

Before NUGENT, P.J., and
PRITCHARD and CLARK, JJ.

CLARK, Judge.

Ernest R. Bidstrup was granted a decree of legal separation from Ida Virginia Bidstrup on his petition. The court divided certain assets and awarded Ida monthly maintenance of $150.00. She appeals contending that the maintenance was inadequate and that the allowance was against the weight of the evidence in that it failed to take account of her limited employment opportunities, her physical disabilities, the length of the marriage and the standard of living formerly enjoyed by the parties.

The parties were married in 1946 and, according to the husband's petition, they separated in 1984. Four children born of the marriage are emancipated. At the time of trial, the wife was 57 years of age and the husband was 74. Assets divided by the decree consisted of a residence and acreage valued at $76,000.00 and certificates of deposit and bank accounts to the value of $26,318.00. Miscellaneous personal property of no significant monetary worth was also divided.

The wife's complaint on appeal is essentially a contention that she will be unable to maintain herself on the interest income from her share of marital property, augmented by the maintenance payment of $150.00 a month. According to her calculations, the husband will have a monthly income proportionately greater than hers, taking into account the husband's social security benefits and a monthly pension from the "teamsters." She argues that the trial court erred in failing to take account of factors enumerated in § 452.335, RSMo

1986, particularly the wife's needs, her inability to provide for her own support and the duration of the marriage.

According to the wife's testimony, she has a sixth grade education and has not been employed outside the home for ten years. She suffers from back pains and urinary incontinence which would be a substantial impediment to obtaining employment. She also has problems with her eyesight and has a disability in one wrist. She has no prospect of receiving any disability or retirement income. She estimated her monthly expenses at $400.00, not including rent which she will be obligated to pay once the marital home is sold as ordered by the court. Taking into account the interest she will receive on investment of her share of marital assets, the proceeds from sale of the residence and the bank deposits, she will have a monthly income of $408.00, including the $150.00 maintenance. After deducting the sum paid to the wife in maintenance, the husband's income will be $667.00 per month.

■ The trial court has broad discretion in determining the amount of a maintenance award and the appellate court will not interfere unless it appears that the trial court has abused that discretion. *Mills v. Mills*, 663 S.W.2d 369, 374 (Mo.App.1983). There is no absolute requirement under § 452.335, RSMo 1986, that a maintenance award be sufficient to provide a spouse with the standard of living established during the marriage. *Fiorani v. Fiorani*, 720 S.W.2d 438, 443 (Mo.App.1986). The fact that a maintenance award falls short of a spouse's monthly expenses does not necessarily indicate an abuse of discretion. *Hoffmann v. Hoffmann*, 676 S.W.2d 817, 828 (Mo. banc 1984).

■ Trial courts must divide marital property after considering the criteria set out in § 452.330.1, RSMo 1986. The statute requires a fair and equitable division of the marital property in light of the circumstances attending each individual case. *Dardick v. Dardick*, 670 S.W.2d 865, 869 (Mo. banc 1984). The division of marital property lies within the sound discretion of the trial court and appellate courts must

defer to the judgment of the trial court unless the judgment constitutes a clear abuse of discretion. *Burbes v. Burbes*, 739 S.W.2d 582, 585 (Mo.App.1987). Although the trial court need no longer assign values to the marital property, there must be evidence before the court from which a fair and accurate valuation of the property may be made. *Frame v. Frame*, 696 S.W.2d 332, 336 (Mo.App.1985).

■ In this case, where neither party has income from employment, the issues of spousal support and division of marital property are interrelated. Allocation of a greater or lesser share of the marital property to one spouse or the other operates to increase or decrease support accordingly. Thus, for example, the wife's claim to added maintenance could equally well be satisfied by allocating to her a greater share of the marital property which, when invested at interest, would yield added funds for support. It is therefore impossible to review the wife's claim that the maintenance allowance was inadequate without also considering whether the division of marital property was fair and equitable.

In general, it appears the trial court in this case undertook to divide the marital property in approximately equal shares, $56,500.00 to the wife and $51,500.00 to the husband, both amounts subject to reduction by expenses of sale of the marital residence. The court, however, also set over to the husband the pension benefits. Presumably the pension was a marital asset because the parties were married during virtually all of the husband's years of employment as a dairy route salesman. The record, however, contains no evidence at all as to the details of the pension, whether it includes any death benefit, surviving spouse rights or cash surrender value. The trial court made no effort to value the pension and it had no information upon which a value could be reconstructed.

It may well be that the judgment with respect to division of marital property and the award of maintenance was fair and equitable but, in the absence of evidence permitting valuation of the husband's interest in the pension, no meaningful review of

the decree may be made. In addition, the record is silent as to the husband's living expenses with the result that the wife's claim of entitlement to added maintenance cannot be reviewed in light of the husband's needs for his own support.

In view of the above deficiencies, the judgment as to division of marital property and the award of maintenance is reversed and the cause is remanded with directions that the court take evidence as to the value of the husband's pension and his prospective living expenses and that thereafter the court enter a new judgment with appropriate findings as to all issues.

All concur.