**Robert Michael LAWRY, Appellant,**

v.

**Sara Sue LAWRY, Respondent.**

**No. 18399.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 11, 1993.

Phillip A. Glades and David Robards, Joplin, for appellant.

Abe R. Paul, The Paul Law Firm, P.C., Pineville, for respondent.

MONTGOMERY, Presiding Judge.

Robert Lawry (Husband) brought a dissolution of marriage action against Sara Lawry (Wife). One child was born of the marriage.

After trial the court dissolved the marriage, awarded physical custody of the child to Wife with reasonable visitation to Husband, ordered Husband to pay child support of $402 monthly, awarded maintenance of $180 monthly to Wife and distributed certain marital property and nonmarital property. Husband was also ordered to pay Wife $1,000 towards her attorney fees of $1,860. Husband appeals the trial court's division of marital property and the award of maintenance and attorney fees to Wife.

After our review of the record we conclude this Court has no jurisdiction, and the appeal must be dismissed for reasons which follow.

Husband's point 1(c) raises the issue that the trial court erred in failing to divide certain property as required by § 452.330, RSMo Supp.1992. He complains the trial court failed to divide the following property:

(1) Washer/dryer (Husband's)

(2) New appliances (Husband's)

(3) 2 chain saws

(4) Shop Smith

(5) "Misc. L.g. Tools" as listed on Husband's Exhibit 1.

Husband's Exhibit 1 (DR Form 1 listing marital and nonmarital property) was received in evidence after Husband testified that the exhibit contained a list of property acquired during the marriage. Among the property listed was "washer/dryer (new)" valued at $600, "misc. L & G tools" valued at $250 and "misc. power tools" valued at $2,000.

Wife testified Husband bought a Shop Smith which she described as "several different tools built into one" and that he had two chain saws. Husband testified about the Shop Smith and indicated Wife could have it at a value of $2,000. The record is unclear whether the Shop Smith is included within the category of "misc. power tools" shown on Husband's Exhibit 1. Neither the testimony nor the exhibits make a specific reference to "washer/dryer (Husband's)" nor to "new appliances (Husband's)."

The decree of the trial court failed to award either party any of the described property except for the award of a "washer/dryer" to Wife as marital property. From the record we cannot determine if this was the "washer/dryer (Husband's)" mentioned in Husband's brief. Otherwise, the decree fails to address the property in question.

 The trial court has not distributed all the property identified as marital property nor determined if it is nonmarital property or nonexistent. Therefore, the decree is not final with respect to the distribution of marital property as required by § 452.-330.

In *Zimmer v. Zimmer*, 826 S.W.2d 904 (Mo.App.1992), this Court held we lacked jurisdiction over an appeal from a dissolution of marriage decree which failed to distribute property identified as marital property by the parties. Further, the decree failed to determine if the property was nonexistent or nonmarital property. The same problem exists in the present case.

Where a trial court fails to distribute all the marital property, the appeal must be dismissed because the trial court did not exhaust its jurisdiction, and no final judgment has been entered from which an appeal will lie. *Meltzer v. Meltzer*, 775 S.W.2d 120 (Mo. banc 1989). There, the Supreme Court relied on *State ex rel. McClintock v. Black*, 608 S.W.2d 405 (Mo. banc 1980), which held:

> If the undistributed property is discovered before the time for appeal has run, the appellate court, when presented with an appeal raising the issue of undistributed property, must dismiss the appeal because the trial court has not exhausted its jurisdiction and has not rendered a final judgment from which an appeal can be taken.

*Id.* at 406.

A further defect in the trial court's decree is apparent after reviewing Husband's point 2 regarding the maintenance award. In a subpoint, Husband contends the trial court erred by failing to designate whether Wife's maintenance was modifiable or nonmodifiable as required by § 452.335.3, RSMo Supp.1992. He is correct. *See Heins v. Heins*, 783 S.W.2d 481, 484 (Mo.App.1990). Upon entry of a final judgment the trial court must conform its decree to the statute and indicate whether the maintenance award is modifiable or nonmodifiable.

Because of the failure to distribute all the marital property the judgment is not final and the appeal must be dismissed. The effect of our dismissal recognizes the jurisdiction of the trial court to enter a new judgment covering the entire case. Either party will then have the right to appeal.

Appeal dismissed.

FLANIGAN and PREWITT, JJ., concur.