In re the MARRIAGE OF Arthur F. CLARK a.nd Ann Sethem Clark.

Arthur F. Clark, Petitioner/Respondent,

v.

Ann Sethem Clark, Respondent/Appellant.

No. ED 75128.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 5, 1999.

Charles P. Todt, Cheryl A. Zopp, The Todt Law Firm, P.C., St. Louis, for respondent.

Daniel P. Card, II, Bruce E. Friedman, Paule, Camazine & Blumenthal, P.C., St. Louis, for appellant.

Before KATHIANNE KNAUP CRANE, P.J., ROBERT G. DOWD, Jr., and SHERRI B. SULLIVAN, J.

## PER CURIAM.

Wife, Ann Clark, appeals and husband, Arthur Clark, cross appeals from the judgment entered in a dissolution action. We dismiss the appeal because the trial court failed to divide and distribute husband's employee savings plan, which the court identified as marital property, and, accordingly, there is no final judgment.

Husband and wife were married on June 13, 1987. The parties separated in June, 1995 and husband filed a petition for dissolution on April 9, 1997. In its findings prefatory to its judgment, the trial court found that husband had two retirement plans as a result of his employment with Allstate, that husband began his employment with Allstate Insurance five years before the parties' marriage, that he was vested in the Allstate Savings and Profit Sharing Plan (Savings Plan) before his marriage, and that the Savings Plan was valued at $22,323.51 at the time of the parties' marriage. It valued husband's interest in the Savings Plan just prior to dissolution at $108,146.64. It further found that husband was vested in the Allstate Retirement Plan (Pension Plan), and its accrued annual retirement benefit was $24,040.00.

In its Conclusions of Law, the court referred to these findings and concluded that *Lynch v. Lynch* "applies to this situation." It further concluded "[p]ursuant to *Lynch,* Wife's portion of Husband'[s] retirement plans shall be calculated as on[e]-half of Husband's monthly benefits when and if received multiplied by the years of the parties' marriage divided by the years of Husband's employment with Allstate."

However, in its Judgment,[1] the court ordered the parties' separate property be distributed as set out in Exhibit 1 and that their marital property be divided as set out in Exhibit 2. Exhibit 1 awarded husband $^{68}/_{192}$ of the Pension Plan payments as his separate property. In a footnote to that award, the court explained that it reached that number by applying the formula enunciated in *Lynch* but went on to say that the *Lynch* formula "is not applicable to the Allstate Savings and Profit Sharing Fund because it is a defined contribution plan." In Exhibit 2 the court awarded husband and wife each their "portion" of the Savings Plan but did not set out by what percentages or fractions the Savings Plan should be divided or give a value for their respective portions. Thus, the judgment never effectively divided the Savings Plan.

On appeal wife asserts that the trial court erred in failing to properly divide the Savings Plan. She argues that the court divided the Savings Plan because it identified it and attempted to divide it, but did not do so properly. Wife contends that the trial court's judgment was final and is thus appealable. She requests us to enter the judgment the trial court should have

---

1. A finding of fact precedes judgment, and constitutes an opinion for the ground of judgment [Rule 73.01], but it is not a final determination of the rights of the litigants in the subject matter of the action. Only a judgment is that.... The efficacy of judgment, therefore, does not reside in any prefatory statement of reason or recital but in the mandate of the decree. *Spence v. Spence,* 922 S.W.2d 442, 443 (Mo.App.1996) (quoting *Wilhoit v. Wilhoit,* 599 S.W.2d 74, 78 (Mo.App.1980)) (citations omitted).

**404**

entered under Rule 84.14. Husband argues that we have no jurisdiction because there was no full disposition of the marital property and thus no final judgment.

Section 452.330 RSMo (1997) provides that the trial "court should set apart to each spouse such spouse's nonmarital property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors." Although the judgment mentions the Savings Plan and awards each spouse his and her "portion" of that plan, the trial court's failure to divide that marital property in such proportion as it deems just is not an erroneous division, but a failure to divide. Wife argues that our statement in *Jezewak v. Jezewak*, No. 74800, —— S.W.3d ——, ——, 1999 WL 672555, at *6 (Mo. App. August 31, 1999) to the effect that when it is clear that the trial court intends to divide marital assets equally, but fails to do so, we may modify the judgment to conform to the trial court's intent supports her position. It does not. In *Jezewak* the court divided and awarded the property 65% to one spouse and 35% to the other spouse, contrary to its expressed intent in the judgment to divide the property equally. Thus, it divided and distributed the property, albeit erroneously. In this case the court wholly failed to divide the Savings Plan by any percentage or amount so that there was no division or distribution.

■ The trial court's decree, accordingly, was not final because it did not distribute all of the property identified as marital property nor did it determine that the property is nonmarital or nonexistent. *Spauldin v. Spauldin*, 945 S.W.2d 665, 668 (Mo.App.1997). When undistributed property is discovered before the time for appeal has run and the issue of undistributed property is raised on appeal, we must dismiss the appeal because the trial court has not exhausted its jurisdiction and has not rendered a final judgment from which an appeal can be taken. *Meltzer v. Meltzer*, 775 S.W.2d 120, 120–21 (Mo. banc 1989) (quoting *State ex rel. McClintock v. Black*,

608 S.W.2d 405 (Mo. banc 1980)). The effect of this dismissal is to recognize the trial court's jurisdiction to enter a new judgment covering the entire case. *Meltzer*, 775 S.W.2d at 121. Either party will then have the right to appeal the trial court's new decree. *Spauldin*, 945 S.W.2d at 668.

■ Under these circumstances, we have no jurisdiction and must dismiss the appeal. *Meltzer*, 775 S.W.2d at 121. We may not enter judgment under Rule 84.14 which applies only where an appellate court has jurisdiction of an appeal. *Id.*

Appeal dismissed.