In re the MARRIAGE OF Robin BELL and Troy L. Bell.

Robin Bell, Petitioner/Cross–Appellant,

v.

Troy L. Bell, Respondent/Appellant.

No. ED 80118.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 18, 2002.

Rehearing Denied Sept. 19, 2002.

Mary Eftink Boner; John L. Mautino; Buerkle, Beeson, Ludwig, Jackson & Boner, L.C., Jackson, MO, for Troy L. Bell.

John P. Heisserer; Rice, Spaeth, Heisserer, Summers & Remley, L.C., Cape Girardeau, MO, for Robin Bell.

MARY K. HOFF, Judge.

Troy L. Bell, (Husband) appeals and Robin Bell, (Wife) cross-appeals from the judgment entered in a dissolution action. We dismiss the appeal because the trial court failed to divide and distribute the parties' 2000 federal and state tax return refunds, which were identified as marital property at trial.

Husband and Wife were married on October 3, 1998. The parties have two children, a son born on August 25, 1999, and a daughter born on November 16, 2000. The parties separated on September 30, 2000.

On June 7 and 11, 2001, the parties' dissolution hearing was held. An accountant testified to the parties' amended federal and state tax returns for the year 2000, illustrating a refund due Husband and Wife of $4000 federal and $444 from state. The amended tax returns reflecting the refunds due were offered into evidence by Husband and admitted by the court. In addition, the 2000 tax refunds were listed in Husband's proposed property division which was also admitted into evidence. Further, Husband acknowledged the tax refunds in his testimony as property subject to distribution by the trial court.

The trial court's judgment of August 2, 2001, failed to divide the parties' tax refunds.

Both parties appealed the judgment with numerous points on appeal. In Wife's fifth point on appeal she alleges the trial court erred in its division of the parties' marital property because Section 452.330 requires the trial court to distribute all of the marital property and the trial court failed to divide the parties' 2000 federal

and state tax return refunds. Husband concedes the point. We agree with Wife and find this point dispositive and will not be addressing the remaining points on appeal.

Section 452.330 RSMo (2000) provides that the trial "court shall set apart to each spouse such spouse's nonmarital property and shall divide the marital property . . . in such proportions as the court deems just after considering all relevant factors . . ."

The trial court's decree is not final if it fails to distribute all of the property identified as marital property or fails to make a determination that the property is nonmarital or nonexistent. *In re Marriage of Clark*, 3 S.W.3d 402, 404 (Mo.App. E.D.1999). "When undistributed property is discovered before the time for appeal has run and the issue of undistributed property is raised on appeal, we must dismiss the appeal because the trial court has not exhausted its jurisdiction and has not rendered a final judgment from which an appeal can be taken." *Id.* "The effect of this dismissal is to recognize the trial court's jurisdiction to enter a new judgment covering the entire case." *Id.* Either party will then have the right to appeal the trial court's new decree. *Id.*

In the case at bar, the parties' amended tax return refunds were clearly before the trial court and subject to distribution. The trial court's failure to divide them results in the conclusion that it has failed to exhaust its jurisdiction, we therefore do not have jurisdiction and must dismiss the appeal.

Wife urges us, pursuant to the authority of Rule 84.14, to amend the judgment and divide the refunds in a manner in accordance with the trial court's division of the marital property. However, we may not enter judgment under Rule 84.14,

which applies only where an appellate court has jurisdiction of an appeal. *In re Marriage of Clark,* 3 S.W.3d at 404.

 In Wife's fourth point on appeal, she alleges the trial court erred in failing to order an automatic income withholding order for child support. Husband concedes the point. We note that Section 452.350.2 RSMo 2000 mandates that for every order for child support entered by the trial court, income withholding shall be initiated on the effective date of the order. The trial court did not issue such an order. It is suggested that the trial court review its order in light of Section 452.350 and either initiate an income withholding or set forth in its judgment a written determination of good cause not requiring immediate income withholding.

Appeal and cross-appeal are dismissed.

GEORGE W. DRAPER III, P.J. and MARY R. RUSSELL, J., concur.