**Karen Faye KALLMEYER,
Respondent,**

v.

**Ronald Dale KALLMEYER, Appellant.**

No. ED 86345.

Missouri Court of Appeals,
Eastern District,
Division One.

June 20, 2006.

P. Dennis Barks, Hermann, MO, for appellant.

Joseph R. Aubuchon, Union, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Ronald Dale Kallmeyer ("husband") appeals the judgment of dissolution of the trial court. Husband claims the court erred in finding certain property to be marital property, in awarding assets contained in a single account as both marital and separate property, in dividing marital property without obtaining updated valuation data for the assets, and in failing to obtain proof regarding the interest of Karen Faye Kallmeyer ("wife") in a pension plan and allocating that asset. Husband also asserts error in the trial court's disproportionate division of marital property and in the court's failure to order wife to contribute to the post-secondary educational expenses of the two minor children. Because the judgment is not final, we dismiss the appeal.

The parties were married, and two children were born of the marriage, R.A.K. and T.J.K. Wife filed a petition for dissolution of marriage in 2002. The two children were minors at the time wife instituted the proceedings. Wife subsequently amended her petition, and the court entered a judgment of dissolution, dissolving the marriage and reserving jurisdiction over the issues of child custody, visitation, child support and distribution of marital assets. The court ultimately entered a judgment of dissolution, which contained provisions concerning the issues previously taken under submission. The court ordered wife to pay $344.45 per month in child support to husband, and the court incorporated a parenting plan that required both husband and wife to share the costs of the post-secondary education of the children. The court also distributed marital property. Wife filed a motion for new trial or to amend the judgment in response. Wife argued that she did not agree to share the college expenses of the children, and she claimed the value of a

401K plan had increased at the time of the trial. The court set aside its judgment and ordered additional evidence to be presented concerning the value of several assets. The court subsequently entered an amended judgment of dissolution, ordering wife to pay $500.28 per month in child support to husband, and again incorporating a parenting plan which split the cost of the post-secondary education of the minor children between husband and wife. Again, wife filed a motion to amend or for new trial arguing that the provision regarding her share of the post-secondary education costs be amended. The court entered a second amended judgment of dissolution, removing the reference to the post-secondary education costs entirely from the parenting plan incorporated into the judgment. The court also distributed the marital and separate property of husband and wife. Husband filed a motion to amend or set aside the judgment alleging several grounds. He claimed the court erred in failing to require wife to contribute to the college expenses of the minor children, and he submitted a revised Form 14, which included extraordinary costs in the calculation of child support to include college expenses for R.A.K. He also alleged that he discovered the existence of a pension plan from a former employer of wife's, which the court should consider. Finally, husband argued that the court awarded a disproportionate amount of marital assets to wife. The trial court denied husband's motion, and husband now appeals.

Because our discussion of husband's fourth point on appeal is dispositive of this case, we address it first.

In his fourth point on appeal, husband argues that the trial court erred in failing to require proof of the value of wife's interest in a pension plan with her former employer, and the court erred in failing to

allocate that asset to either party. As a result, husband claims the judgment is not a complete and final judgment.

■ Section 452.330 RSMo (2000) requires the trial court to set apart nonmarital property and to divide the marital property in a manner which the court deems just. A decree cannot be considered final if it fails to distribute all of the marital property of the parties, or it fails to determine that the property is nonmarital or nonexistent. *In re Marriage of Bell*, 84 S.W.3d 467, 468 (Mo.App.2002) (citation omitted).

The court did award wife a GenCorp 401K in her name, valued at $31,436.42 as of September 30, 2003, as marital property. A retirement savings statement from the GenCorp Retirement Savings Plan was provided to the court prior to the entry of its second amended judgment. The previous statement reflects a vested balance in the GenCorp Retirement Savings Plan of $53,922.72 as of September 30, 2004. However, in his motion to amend or set aside the second amended judgment of dissolution, husband alleged that wife failed to inform the trial court of the existence of a separate pension plan from a prior employer, GenCorp Automotive. Husband attached a summary of the benefits payable to wife upon retirement age. The document submitted by husband as an attachment to his motion reflected a vested balance of $59,454.22 in a GenCorp Retirement Savings Plan as of November 30, 2004.

In her brief, wife concedes that the trial court failed to include the pension plan in its distribution of property. In her point relied on, wife states that the failure of the trial court to include her pension plan from a former employer in its distribution of property was not reversible error. She argues that she acknowledged the existence of the pension and requested it be awarded to her; however, husband failed to timely pursue the issue [1].

■ " 'When undistributed property is discovered before the time for appeal has run and the issue of undistributed property is raised on appeal, we must dismiss the appeal because the trial court has not exhausted its jurisdiction and has not rendered a final judgment from which an appeal can be taken.' " *Marriage of Bell*, 84 S.W.3d at 468; (quoting *In re Marriage of Clark*, 3 S.W.3d 402, 404 (Mo.App.1999)).

■ Because both parties agree that the property at issue has not been distributed, we must dismiss the appeal. The effect of the dismissal is to recognize the jurisdiction of the trial court to enter a new judgment which covers the entire case [2]. *Marriage of Bell*, 84 S.W.3d at 468 (citation omitted). After entry of the new judgment, either party will then have the right to appeal. *Id.*

Husband asserts several additional points on appeal; however, because no final judgment has been entered from which

1. We note that the issue of finality is a jurisdictional prerequisite, and it is our duty to determine jurisdiction *sua sponte*. *McCord v. McCord*, 75 S.W.3d 854, 856 (Mo.App.2002) (citation omitted). Therefore, wife's argument concerning the timeliness of husband's claim is without merit.

2. However, pursuant to section 452.360.1 RSMo (2000), "[a]n appeal from a judgment of dissolution that does not challenge the finding that the marriage is irretrievably broken does not delay the finality of that provision of the judgment which dissolves the marriage beyond the time for appealing from that provision, so that either of the parties may remarry pending appeal." In the present case, no challenge was made to the finding that the marriage was irretrievably broken.

husband may appeal, we cannot consider them.

The appeal is dismissed.

MARY K. HOFF, P.J., and PATRICIA L. COHEN, J., concur.