Stacie L. **RIFE**, Appellant–Respondent,

v.

Monte D. **RIFE**, Respondent–Appellant.

**Nos. WD 65249, WD 65274.**

Missouri Court of Appeals, Western District.

Nov. 14, 2006.

As Modified Dec. 19, 2006.

---

Michael C. McIntosh, Independence, MO, for Appellant–Respondent.

Theodore D. Barnes, Independence, MO, for Respondent–Appellant.

Before HOWARD, C.J., ELLIS and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Stacie Rife ("Wife") appeals and Monte Rife ("Husband") cross-appeals from a judgment dissolving the parties' twenty-three year marriage. Both parties challenge the division of property, and Husband further challenges the denial of his request for maintenance and attorney fees. Because we conclude the trial court failed to divide all of the marital property and debts, the judgment is not final and the appeal is dismissed for lack of jurisdiction.

Husband and Wife were married in 1981. Wife filed a Petition for Dissolution of Marriage in the Circuit Court of Jackson County on November 5, 2001. A trial was held on August 14, 2004, and the court entered judgment on November 19, 2004. The court valued the marital estate at $680,447 and awarded 71% of the marital property to Wife and 29% to Husband. The court denied Husband's cross-petition claim for maintenance and attorney's fees.

On December 17, 2004, Wife filed a Motion for New Trial or to Modify the Judgment. The motion sought to re-open evidence on the property division for consideration of an undistributed tax obligation. In an affidavit accompanying the motion, Wife stated that on September 21, 2004, she received notice from the Internal Revenue Service (IRS) of a tax bill in the amount of $5,855.56. A copy of the IRS notice was attached to the affidavit as Exhibit A. The notice indicated that Wife had sought "innocent spouse relief" from a tax debt incurred during the marriage in the year 2000. Although Wife was granted partial relief for the previous debt, the notice indicated that her remaining tax obligation was for $5,855.56, including interest and penalties. Based on the IRS notice, Wife requested the court to re-open the evidence and distribute the tax debt as marital property.

The trial court denied the Motion for New Trial without explanation. On appeal, Wife asserts the dissolution judgment is not final because the court failed to distribute the tax debt as part of the marital property. We agree based on our previous holding in *Spauldin v. Spauldin,* 945 S.W.2d 665 (Mo.App.1997).

*Spauldin* involved a marital dissolution appeal wherein the wife claimed the trial court did not distribute various assets (company stock and a life insurance policy) that were identified at trial as marital property. *Id.* at 667. In dismissing the appeal, we held:

> When undistributed property is discovered before the time for appeal has run, the appellate court, when presented with an appeal raising the issue of undistributed property, must dismiss the appeal because the trial court has not exhausted its jurisdiction and has not rendered a final judgment from which an appeal can be taken.
>
> The effect of this dismissal is to recognize the jurisdiction of the trial court to enter a new judgment covering the entire case. Either party will then have the right to appeal the trial court's new decree.

*Id.* at 668 (internal citations and quotation marks omitted). Although the issue in *Spauldin* involved marital assets, the jurisdictional analysis applies equally to marital debts because Section 452.330, RSMo 2000, expressly requires the trial court to divide all marital property and debts. *Petties v. Petties,* 129 S.W.3d 901, 911 (Mo. App.2004).

■ Here, Husband suggests the facts of this case are different from *Spauldin* in that Wife knew about the existence of the tax debt at trial but failed to disclose it until after the judgment entry. *Spauldin,* however, makes it clear that if the court is presented with proof of undistributed mar-

ital property *prior to the time for appeal,* no final judgment can be entered until the property issue is addressed. *Id.*

■ The relevant inquiry is not whether the parties knew or should have known about the property, but rather whether the trial court had sufficient evidence of the property before it lost jurisdiction over the case. When timely made, the court must grant a request to dispose of undistributed property unless the requesting party fails to offer adequate proof of the actual existence of marital assets or debts. *See e.g. Rhodus v. McKinley,* 16 S.W.3d 615, 621 (Mo.App.2000); *see also Henning v. Henning,* 72 S.W.3d 241, 246 (Mo.App.2002).

■ Wife's formal request to re-open the evidence was made timely, within the thirty-day period after the entry of judgment and prior to the time for appeal. *See* Rules 75.01, 81.05. An affidavit and IRS notice, both of which provided proof of an existing tax debt that was incurred during the marriage, accompanied Wife's post-trial motion. Given the proper presentation of this evidence, the trial court erred in failing to re-open the property division and distribute the tax debt as marital property. The dissolution judgment lacks finality because the court did not fulfill its statutory obligation of dividing the marital property and debts. § 452.330; *Spauldin,* 945 S.W.2d at 668. Accordingly, we lack jurisdiction to consider any of the claims on appeal.

The appeal and cross-appeal are dismissed.

All concur.