**CUA THI NGUYEN, Respondent,**

v.

**HA VAN LE, and Hoan Van Vo, Appellants.**

**No. ED 88423.**

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 21, 2007.

L. Richard Brinkman Jr., Arnold, MO, for appellant.

CLIFFORD H. AHRENS, Judge.

Ha Van Le ("husband") appeals the judgment of dissolution of the trial court. Husband claims the court erred in failing to assign a percentage of interest in the marital residence to Hoang Van Vo ("Vo") and in its division of marital property.

Husband and Cua Thi Nguyen ("wife") were married in 1991. Wife filed a petition for dissolution in 2003. Husband filed a counter-petition for partition of real estate, naming Vo as a defendant. Husband sought partition of the marital residence, which was titled in the name of husband and Vo. The trial court heard the cause and entered a judgment of dissolution. The court found that the residence was the only marital property to be divided. The trial court noted that marital funds contributed to the down payment and to the upkeep and mortgage of the home. The trial court awarded the marital residence to wife, and ordered that the property be titled in the name of wife and Vo. Husband filed a motion to amend the judgment and motion for new trial. Husband also sought to amend the judgment of the trial court as to its findings of fact. The trial court did not rule on the motion, deeming it denied pursuant to Missouri Supreme Court Rule 78.06 [1]. Husband now appeals.

■ Husband's points on appeal assert error in the judgment of the trial court. Specifically, husband claims the judgment was incomplete because the court failed to assign a percentage of interest in the mari-

---

1. Rule 78.06 states that, "[a]ny motion for new trial, motion to amend the judgment or opinion, or motion for judgment notwithstanding the verdict is overruled for all purposes if the trial court does not rule on it within ninety days after the date the last such timely motion is filed."

tal residence to Vo. Additionally, husband argues that the trial court's division of marital property was unjust.

■ Pursuant to section 452.330 RSMo (2000), the trial court must set apart nonmarital property and divide marital property in a manner it deems just after consideration of the relevant factors enumerated in section 452.330. A judgment of dissolution will not be considered final if it does not distribute all of the marital property of the parties, or if it does not determine that certain property is nonmarital or nonexistent. *In re Marriage of Bell,* 84 S.W.3d 467, 468 (Mo.App.2002) (citation omitted).

■ In the present case, there was evidence of a pension plan earned by husband during the marriage. Husband testified that his employer sent a letter seeking a waiver of wife's interest in the pension or documentation from the dissolution court awarding husband the pension. In his motion to amend the judgment, husband requested that the trial court find the pension plan to be marital property and to award the property to husband at a nominal value of $1,000.00. The trial court did not rule on the motion, and husband did not make this argument on appeal. However, even where the parties do not raise an issue of finality on appeal, the question is jurisdictional and we have a duty *sua sponte* to consider our jurisdiction. *Crawford v. Crawford,* 31 S.W.3d 451, 453 (Mo. App.2000) (citations omitted). "If a judgment is not final this court must then dismiss the appeal." *Id.*

Here the trial court did not make any judgment concerning the pension plan. There was no determination as to whether the pension plan was, in fact, marital property, nor was the pension plan divided between the parties. As a result, the judgment of the trial court is not final. *Crawford,* 31 S.W.3d at 453. The trial court has not exhausted its jurisdiction, and therefore, no final judgment has been rendered from which an appeal can be taken. *Marriage of Bell,* 84 S.W.3d at 468; (*quoting In re Marriage of Clark,* 3 S.W.3d 402, 404 (Mo.App.1999)).

Because the trial court failed to make a determination concerning the pension plan of husband, we must dismiss the appeal. The effect of this dismissal is to recognize the trial court's jurisdiction to enter a new judgment covering the entire case. *Marriage of Bell,* 84 S.W.3d at 468 (citation omitted). After the trial court enters a new judgment, each party will have the right to appeal. Id.

The appeal is dismissed.

GLENN A. NORTON, and ROY L. RICHTER, JJ., concur.